## BURTON v. GORMAN.

### Opinion delivered July 3, 1916.

1. ADMINISTRATION—PAYMENT OF DEBTS—LANDS—RIGHTS OF ADMINIS-
   TRATOR.—The lands of a decedent are assets in the hands of the exec-
   utor or administrator and deemed in his possession and subject to his
   control for the payment of debts of the decedent; the administrator
   may maintain ejectment to recover possession of lands when neces-
   sary for the payment of the debts of the estate, without joining the
   heirs in the suit.

2. UNLAWFUL DETAINER—RIGHT.—The action of unlawful detainer is
   given only to test the right to the immediate possession of lands and
   tenements, and not to determine the right or title of the parties to
   or in them.

3. LANDLORD AND TENANT—DISPUTE OF LANDLORD'S TITLE BY TENANT.—
   A tenant can not dispute the title of his landlord while he remains
   in possession under him, nor acquire possession from the landlord
   by lease and then dispute his title without surrendering possession.

Appeal from St. Francis Circuit Court; *J. M. Jackson*, Judge; affirmed.

### STATEMENT BY THE COURT.

W. P. Gorman brought this action of unlawful de-
tainer for the possession of a certain dwelling house in
Forrest City, alleging that he had rented same to appellant
by the month for $25 per month; that appellant paid the
rent for the last four months of 1913 and failed and
refused to pay any rent since the first day of January,
1915; was indebted in the sum of $112.50 for the months
of January, February, March and half of April; that he
had failed to surrender possession of the premises after
demand made in writing therefor; prayed judgment for
the rent due and damages in double the amount of the
rent during the time defendant continued to hold over
after notice to quit.

The answer denied he had leased the property from
appellee; alleged that he had leased it from the adminis-
trator of the estate of J. E. Stone, deceased, through
appellee her attorney; that after said administratrix was
removed, Ellis Turley was appointed by the probate
court administrator, with directions to take charge of

and rent the properties of said estate and that he continued in possession of the property as the tenant of the Stone estate. Denied any agreement to pay rent indefinitely at $25 per month; alleged that $20 was a fair rental value for the property and that he had been renting same at said sum from said administrator of the Stone estate since January 1, 1914. Denied that appellee was entitled to the possession of the property or to collect the rents therefrom and that he was in the unlawful possession thereof or unlawfully detaining same.

It appears from the testimony that W. P. Gorman purchased the premises in April, 1913, from Mrs. Lizzie M. Evans and her two daughters, who conveyed it to him by a warranty deed and took immediate possession thereof. He first rented the place to a Mr. Allen and then to appellant who moved in the latter part of August and paid rent at $25 per month for the remaining four months of 1913.

Appellant continued to occupy the property after that and delivered the key to appellee on the 1st day of October, 1914. Dr. J. E. Stone devised by his last will the property to Mrs. Lizzie Evans and her two daughters and the estate was in course of administration at the time they conveyed it to appellant. There were some debts of the estate unpaid and no assets but the lots in controversy with which to pay them, but appellant agreed as part of the consideration for the conveyance from Mrs. Evans and daughters to pay all debts probated against the Stone estate.

E. Turley testified that the estate of J. E. Stone was still in the course of administration and that he succeeded Mrs. Evans as administrator; that there were no funds on hand with which to pay expenses of administration nor debts due by the estate, nor taxes upon the lands thereof. The court refused to allow witness to state that he had collected rents from appellant as tenant of the property from the 1st of January, 1914, at $20 per month, and also that he had paid the taxes on the property and had no assets of the estate with which to pay them. Appellee stated that he rented the property from Mr. Gorman's

son and agreed to pay $25 a month therefor and paid that amount until January 1, 1914. He was not allowed to state what amount of rent he had paid thereafter or to whom, nor what the reasonable rental value of the premises was. He also stated that he had notified appellee that he would not continue to live in the house after December, unless the rent was reduced to $20 and continued thereafter, thinking, or assuming that he would only have to pay $20 per month.

The court over defendant's objection instructed the jury to return a verdict for the plaintiff for the possession of the property with damages for 9 months rent at $25 per month and from the judgment thereon, this appeal is prosecuted.

*Mann, Bussey & Mann,* for appellant.

1. Lands are assets in the hands of an administrator, and shall be deemed in possession and subject to his control until the debts of the estate are paid. Kirby's Digest, §§ 79, 186; 78 Ark. 111. The ordinary rules governing landlord and tenant are not applicable 'here. At the time of the conveyance to Gorman the property was under the control of the probate court. Mrs. Evans was a trustee for the creditors and could not relinquish control or possession until the debts were paid. 46 Ark. 373; 18 Cyc. 305. Testimony should have been admitted showing that the rent had been paid to the party entitled to receive it. 46 Ark. 373; 78 *Id.* 111.

2. The rents were necessary to pay taxes, repairs and debts. The court erred in ruling out all testimony as to the rental value of the premises; the application of rents to taxes, repairs or debts, and any contract as to the rent, or any agreement to show a change in the amount of rent to be paid. It was error to direct a verdict. Gorman could perhaps have maintained ejectment for the land but the answer presented a good defense to unlawful detainer and suit for rent. 73 Ark. 23; 42 *Id.* 28; 21 *Id.* 62; 46 *Id.* 373.

*C. W. Norton* and *Walter Gorman*, for appellee.

This is simply a case of unlawful detainer by a land-lord to recover the possession and accrued rent. A tenant cannot disclaim his landlord's title. He should have paid the rent or else returned possession. 43 Ark. 28; 98 *Id.* 240.

2. The administrator had no right to control the property unless needed to pay debts, nor to the rents. 46 Ark. 373. There were no debts and the testimony offered was properly excluded. Unlawful detainer cannot be converted into ejectment by an answer setting up title in the defendant or in another. 104 Ark. 322.

3. The prayer of the complaint and judgment comply with Kirby's Digest, § 3644.

KIRBY, J. (after stating the facts.) Appellant contends that the lands were assets in the hands of the administrator of the estate of J. E. Stone, deceased, and necessary to be used in the payment of the debts thereof and that the court erred in not permitting the introduction of the testimony showing these facts and the payment of rent by appellant to the administrator during the months for which appellee claimed he had unlawfully detained the premises and failed to pay the rent therefor.

(1) It is unquestionably true that lands of a decedent are assets in the hands of the executor or administrator and deemed in their possession and subject to their control for the payment of debts of the testator or intestate. Sections 79-186 Kirby's Digest; *Stewart* v. *Smiley,* 46 Ark. 373. It is also true that the administrator can maintain ejectment to recover possession of lands when necessary for the payment of the debts of the estate, without joining the heirs in the suit, but the administrator is not suing for possession. *Cook* v. *Franklin,* 73 Ark. 23.

(2) The action of unlawful detainer however, is given only to test the right to the immediate possession of lands and tenements and not to determine the right or title of the parties to or in them.

(3) It is likewise true that a tenant cannot dispute the title of his landlord while he remains in possession

under him nor acquire possession from the landlord by a lease and then dispute his title without surrendering possession. *Dunlap* v. *Moose*, 98 Ark. 235; *Bryan* v. *Winburn*, 43 Ark. 32.

The undisputed testimony shows that Mrs. Evans and her daughters, the devisees, under the will, took possession of the property after the death of the testator and paid off certain debts against the estate and later conveyed the property to W. P. Gorman and delivered the possession thereof to him, said Gorman agreeing to pay as part of the consideration therefor, the debts thereafter probated against the estate.

It is likewise undisputed that appellee rented the premises from said Gorman, agreeing to pay $25 per month rent therefor and that he refused to pay him any rent after January 1, 1914, and continued in the possession of the premises for nine months of said year. It is true that he stated he notified appellee upon the payment of the December, 1913, rent that he would not continue in possession of the premises thereafter unless the rent was reduced to $20 per month. There was no testimony tending to show that appellee agreed to any such reduction, however, and appellant's statement that he thereafter continued in possession, understanding that he was only bound to the payment of the sum of $20 per month, was not testimony contradictory of and sufficient to show a change of the terms of the agreement under which appellant took possession. His statement alone that he gave notice that he would not retain the premises after January 1, unless a reduction of rent was made and that he did continue in possession thereafter, does not prove that appellee agreed to any such reduction.

The testimony being undisputed the court did not err in directing a verdict for the possession of the premises nor for the amount of damages to be recovered since there was no dispute as to the time the premises were occupied by appellee without the payment of rent, nor of the amount monthly agreed to be paid therefor.

The judgment is affirmed.