## TURLEY *v.* GORMAN.

### Opinion delivered April 15, 1918.

1. ADMINISTRATION—TRANSFER OF PROPERTY BY DEVISEES—DEBTS AND COST OF ADMINISTRATION.—The devisees of certain lands deeded same to appellee in consideration that appellee pay all the probated debts and expenses of administration. Appellee then sued the administrator and a tenant in possession for the possession of the premises and certain rents. *Held,* it not appearing that appellee had not paid any accrued debts or expenses, nor that there were any unpaid probated claims outstanding, the lands conveyed to appellee were therefore not in the administrator's hands for the payment of debts, and he had no authority to incur expenses for the benefit of the owners of the same.

2. ADMINISTRATION—APPOINTMENT OF ADMINISTRATOR—NECESSITY—PRESUMPTION AS TO DEBTS.—The appointment by the probate court of an administrator, is conclusive of the question of necessity for administration, but it is not conclusve of the question whether or not the lands of the estate are needed to pay debts.

3. ADMINISTRATION—SUMS PAID OUT BY ADMINISTRATOR.—In order for an administrator to charge lands of the estate with sums of money paid out by him, it is necessary for him to show that he was not a volunteer, but that he paid out the sums pursuant to his duties as such administrator.

Appeal from St. Francis Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*Mann, Bussey & Mann,* for appellants.

1. The court erred in sustaining the demurrer. The case in 125 Ark. 141 is not conclusive here. The allegations of the complaint show a good cause of action. Tur-

ley was the administrator and the lot was assets in his hands for the payment of debts, and entitled to a lien for all expenses, taxes, etc. He was entitled to the rents, etc. Kirby's Dig., § § 79, 186; 46 Ark. 373; 8 *Id.* 9.

2. The appellants were not volunteers but were entitled to subrogation. 37 Cyc. 440. All the items claimed were liens on the property and paid in good faith.

*Walter Gorman,* for appellee.

Appellants had no lien, nor do they make out a case for subrogation. Kirby's Digest, § 7131; 74 Ark. 181; 46 Ark. 373; 125 *Id.* 141.

The latter case is conclusive of this. The complaint states no cause of action.

McCULLOCH, C. J. The chancery court of St. Francis County sustained a demurrer to the complaint of appellants, from which appears the following statement of facts:

J. E. Stone, now deceased, owned a house and lot in Forrest City, which he devised to his sister and her two daughters. The will was probated, and one of the devisees was made executrix. The devisees conveyed the property mentioned above to the appellee, W. P. Gorman, and the latter, as part of the consideration for the conveyance, agreed to pay all the probated claims against the estate of said decedent, and the expenses of administration. Subsequently Ellis Turley, one of the appellants, was appointed administrator of said decedent in the place of the executrix mentioned in the will, there being a contest of the will then pending. Gorman took possession of the real estate mentioned above and rented it to D. W. Burton, one of the appellants. Burton failed to pay the rent to Gorman and afterwards paid it to Turley as administrator, and Gorman instituted an action against Burton to recover possession of the property and also to recover the accrued rents as damages for detention. Judgment was rendered in that action in favor of Gorman against Burton, and also against Rollwage, the

surety on his bond, for recovery of possession of the premises, and damages in the sum of $225. That judgment was affirmed by this court on appeal. 125 Ark. 141. Turley paid out the sum of $127.65 for taxes (State and county and improvement district) and for repairs on the premises, and for clerk's fees on account of the administration, and he, together with Burton and Rollwage, instituted this action against Gorman to restrain the latter from enforcing his judgment against Burton and Rollwage for recovery of the sum of $225, and to require Gorman to allow a set-off of the amount paid out by Turley as aforesaid. The prayer of the complaint is also that Burton and Turley be "subrogated to the rights of the State, and the improvement district to a lien on the property for the amount paid out for taxes on the same, with interest," etc.

(1) The theory of appellant is that Burton ought to be given the right of set-off against the judgment for the reason that he paid the rents to Turley as administrator, and that Turley is entitled to assert his claim for the amounts paid out for the benefit of the estate. The difficulty of allowing Burton to assert the right of set-off at this time is that he is concluded by the former judgment of the circuit court. Conceding the law to be that Turley is entitled to a lien on lands of the estate which passed to the devisees, or their grantees, for money paid out on legitimate expenses for the benefit of the estate, it does not follow that a cause of action on that theory of the law is stated in the complaint. It is alleged in the complaint that Gorman, as a part of the consideration for his conveyance from the devisees, agreed to pay the probated debts and expenses of administration, but it is not alleged that he failed to do so. It is not alleged in the complaint that there were unpaid probated claims outstanding during the administration of Turley. The lands conveyed to Gorman were, therefore, not in the hands of the administrator for the payment of debts, and he had no authority to incur expenses for the benefit of the owners of

the real property.   He was, in other words, a mere volunteer, and is not entitled to subrogation.

(2)   It is alleged in the complaint that Turley believed at the time he paid out the money that he was entitled to the possession of the real property for the purpose of paying debts and expenses of administration, and that, acting upon that belief, he pursuaded Burton to pay the rents over to him, but it is not alleged that there were in fact debts of the estate and that the administrator was entitled to possession for the payment of debts.   Neither is it alleged in the complaint that the amount paid to the clerk was for expenses of administration while the lands were in the hands of the administrator for the payment of debts, or subject to be taken over by the administrator for the payment of debts.   *Collins* v. *Paepke-Leicht Lumber Co.,* 74 Ark. 81.   The appointment by the probate court of Turley as administrator of the estate was conclusive of the question of necessity for an administration, but was not conclusive of the question whether or not the lands of the estate were needed to pay debts.   *Stewart* v. *Smiley,* 46 Ark. 373.

(3)   In order to make out a cause of action in favor of the administrator it was necessary for him to state facts which would show that he was not a volunteer, but paid out the sums mentioned for the benefit of the estate pursuant to his duties as such administrator.   The complaint failed, therefore, to state a cause of action, and the demurrer was properly sustained.

Affirmed.