## WILLIAMS v. ANTHONY.

Opinion delivered December 1, 1930.

*McElhannon & Callaway,* for appellant.

*R. W. Huie* and *J. H. Lookadoo,* for appellee.

HUMPHREYS, J. On the 30th day of November, 1927, Anna Jackson conveyed an undivided one-fifth interest in the south half of the northwest quarter of section 35, township 17 south, range 18 west, in Clark County, Arkansas, to appellants and delivered possession of the entire tract to them.

Prior to that time she had executed a mortgage on her undivided interest in said real estate to them. At the time she conveyed her interest in said land to them she was a co-tenant of appellees who owned the other four-fifths interest.

Thereafter appellants acquired outstanding tax titles to said tract of land under tax forfeiture, and sales antedating their deed from Anna Jackson to her one-fifth interest therein.

On December 6, 1929, appellees herein, the owners by inheritance of the other four-fifths interest in said real estate brought suit in the chancery court of Clark County against appellants to redeem their several interests in said real estate from the tax forfeitures and sales and for an accounting of rents and profits.

Appellants filed an answer denying that appellees had a right to redeem the lands from the tax forfeitures and sales or to an accounting for rents and profits. They alleged that they became the owners in fee of the real estate under and by virtue of their purchases of the outstanding tax titles.

The cause was submitted to the court upon the pleadings and testimony resulting in a finding and decree against appellants, from which is this appeal.

Appellants contend for a reversal of the decree upon the theory that a co-tenant who acquires title to his share after a tax forfeiture and sale may acquire title to the entire estate by buying such outstanding tax titles. In the instant case appellants knew that the lands had been forfeited for taxes at the time they purchased their undivided one-fifth interest from Anna Jackson. The rule in our State is that a tenant in common of land can acquire no title to the interest of his co-tenant or co-tenants by purchase at the sale of the whole for delinquent taxes. His purchase means no more than the payment of the taxes and gives him no right except to demand contribution from his co-tenants. *Cocks* v. *Simmons*, 55 Ark. 104, 17 S. W. 594; *Inman* v. *Quirey*, 128 Ark. 605, 194 S. W. 858. Appellants argue that this rule only

applies to co-tenants at the time of the forfeiture and sale of the lands. Our court has never made any such distinction, and we think it applies as well as to the successor of a co-tenant with knowledge of all facts. The general rule laid down in 38 Cyc. p. 48 is as follows:

"The purchase of the outstanding tax title for the entire property by a tenant in common operates as a payment of the tax and an extinguishment of the tax title, and a deed given to one of the tenants in common simply operates as a discharge of the taxes assessed on the land."

No error appearing, the decree is affirmed.