BANK OF HAMBURG et al. v. TRI-STATE SAVINGS & LOAN ASS'N et al.

In re BLANKS.

No. 9627.

Circuit Court of Appeals, Eighth Circuit.

Feb. 19, 1934.

J. A. Tellier, of Little Rock, Ark. (John M. Golden, of Dermott, Ark., and A. L. Barber, of Little Rock, Ark., on the brief), for appellants.

C. E. Wright, of El Dorado, Ark. (W. R. Donham, of Little Rock, Ark., and E. H. Coulter, of El Dorado, Ark., on the brief), for appellees.

Before STONE, GARDNER, and SANBORN, Circuit Judges.

STONE, Circuit Judge.

W. L. Blanks died intestate in Arkansas leaving certain land located in that state as part of his estate. An administratrix was appointed by the proper probate court of that state, on April 10, 1925. The Hamburg bank presented claims against the estate to the administratrix, and such were allowed by her during the above year. Sometime afterwards, the heirs at law (the administratrix not joining as such) conveyed this real estate to a corporation which, some three years later, in 1930, conveyed it to F. P. Blanks. January 29, 1932, the probate court allowed the claims of the bank to an amount of over $36,000; these covering the claims which had, seven years before, been presented to and allowed by the administratrix. February 3, 1930, F. P. Blanks mortgaged this land to the Tri-State Savings & Loan Association. February 27, 1932, F. P. Blanks was adjudicated a voluntary bankrupt, listing in his schedule this land as assets belonging to his estate. In March, 1932, the bank served demand upon the administratrix for sale of all the real estate belonging to the estate of the deceased to pay the balance due on its indebtedness, and on the same date it and other creditors filed a petition in the probate court for sale

of such lands to pay the debts of the estate. Three days later, the administratrix filed a similar petition. During April advertisements were made by the administratrix of her intention to apply for such an order, and it was noticed that an application for such order would be made upon July 18, 1932. Upon July 6, 1932, the association filed in the bankrupt estate of F. P. Blanks a "proof of secured claim, petition for the adjudication of lien, and for sale of real estate." This pleading set forth its indebtedness secured by mortgage on this land, the progress of the administration proceeding in the probate court, the pendency of the application for an order of sale in that court, a challenge of the debts of the bank represented by its claims in the probate court, a statement that the probate court would make orders concerning such land which would constitute a cloud upon the title thereof unless restrained, and prayed that the probate court, the administratrix, and certain creditors be summoned and enjoined from proceeding further in any manner to sell or adjudicate the sale of these lands in the probate court. On July 11th, the judge of the probate court and the other parties above concerned moved to dismiss the above pleading on the ground that "the court is without jurisdiction of the parties thereto and the subject matter of the cause set out in said pleading." On the same day, a petition was filed by the association and the trustee of the bankrupt estate setting forth the imminence of an order to sell the land by the probate court on July 18th and prayed an injunction against all of the parties from, in any manner, attempting to sell said lands or adjudicate as to the sale of said lands or the title thereto. Upon the same day the court entered an order finding that the bankrupt was "the owner of and in possession of the above described lands" and that they constituted a part of the assets of his estate, and entered an order enjoining the judge of the probate court and the other above parties from making any order looking to the adjudication of the title or for the sale of said lands for any purpose whatever and from making any order incumbering or affecting the title thereto, all until further order of the United States court. A few days later the probate judge and the other above parties, who were subject to this order "without consenting to but always protesting the jurisdiction" of the court, filed a plea to the jurisdiction wherein they set forth the proceedings in the probate court, asserted that such court had had jurisdiction and possession of the lands at all times since the appointment of the administratrix, on April 10, 1925; that such had begun far more than four months before the adjudication in bankruptcy; that the estate was still in course of administration; that neither the bankrupt nor the trustee were in possession of the land; that there was no equity in the land beyond the mortgage claim of the association and therefore no interest possible to the trustee in the property; and prayed that the temporary injunction be dissolved and the court adjudge itself without jurisdiction in the premises. Evidence was introduced, and the court found that the bankrupt was in possession, claiming to be owner of the land on the date the petition in bankruptcy was filed and he was adjudged a bankrupt, sustained its jurisdiction, denied the prayer to dissolve the temporary injunction, and further ordered a continuance of the injunction. This order recited that it related not to the merits of the case, but solely to the right of the court to hear and determine the issues presented by the pleadings. From such order this appeal is brought by the bankrupt and others included in the above order.

In course of argument on presentation of this appeal the appellees have raised the appealable character of the above order. The order is both a refusal to vacate and a continuance of a temporary injunctive order and, as such, is clearly a final appealable order (28 USCA § 227).

The question presented by this appeal is the jurisdiction of the bankruptcy court to enter the order made. That jurisdiction depends upon the possession of the res since the parties affected thereby are not consenting, nor submitting to such jurisdiction. The record shows no actual possession by the trustee. Such possession as the bankruptcy court may possess as a basis for its jurisdiction must rest upon the extent and character of possession of the bankrupt at the time of adjudication. The record seems to establish physical possession of the land by the bankrupt. The controversy, however, is not settled by this bald fact if the possession of the bankrupt was tentative or in a sense permissive by the administratrix with a positive right of possession in her as an officer and agent of the probate court. A jurisdiction depending upon possession cannot be supported by an improper or qualified possession. Therefore the real question here is the possession or right of possession of the administratrix. This depends upon the law of Arkansas. Under that law the probate court is given exclusive, original jurisdiction of matters relative to the administration and of the estates of deceased

persons. Const. Ark. art. 7, § 34, Crawford & Moses' Dig. 1921, p. 83. While the lands of an estate cannot be used to satisfy the debts thereof until after exhaustion of the personal estate (Crawford & Moses' Dig. §§ 155, 172), yet it is expressly provided that "lands shall be assets in the hands of the executor or administrator, and shall be deemed in their possession and subject to their control for the payment of debts" (Crawford & Moses' Dig. § 67) and "lands and tenements shall be assets in the hands of every executor or administrator for the payment of the debts of the testator or intestate" (Crawford & Moses' Dig. § 152). The effect of these statutory provisions has been repeatedly declared to be that the title and possession of the deceased's lands pass to the executor or administrator as an agent of the court and remain there until the termination of the administration. In Yonley v. Lavender, 21 Wall. 276, 22 L. Ed. 536, the Supreme Court had before it the validity of a sale on execution, for a creditor of the deceased, of land belonging to the deceased, where such sale was made during the administration. In the course of that opinion (page 280 of 21 Wall.) the court said:

"The administration laws of Arkansas are not merely rules of practice for the courts, but laws limiting the rights of parties, and will be observed by the Federal courts in the enforcement of individual rights. These laws, on the death of Du Bose and the appointment of his administrator, withdrew the estate from the operation of the execution laws of the State and placed it in the hands of a trustee for the benefit of creditors and distributees. It was thereafter in contemplation of law in the custody of the Probate Court, of which the administrator was an officer, and during the progress of administration was not subject to seizure and sale by any one."

To the same effect are Etchison v. Dail, 182 Ark. 350, 31 S.W.(2d) 426; Burton v. Gorman, 125 Ark. 141, 188 S. W. 561; Jones v. Jones, 107 Ark. 402, 155 S. W. 117; Hopson v. Oxford, 72 Ark. 272, 79 S. W. 1051; Culberhouse v. Shirey, 42 Ark. 25; Sisk v. Almon, 34 Ark. 391; Green, Adm'r, v. Brooks, 25 Ark. 318; Refeld v. Bellette, 14 Ark. 148; and Evans v. Gorman, 115 F. 399 (C. C. Ark.).

■ With the above state of law in Arkansas as to the rights of possession in this administratrix, which began far more than four months before the petition in bankruptcy was filed, it seems to us there could be no such character of right of possession in this bankrupt sufficient to constitute a basis for possession in the bankruptcy court as a ground of jurisdiction. The probate court clearly had the sole right to jurisdiction over and possession of this land several years before the bankruptcy proceeding; the administration in the probate court is still in course with unpaid debts for which this land is liable; and nothing has been done by that court to, in any wise, weaken or affect its jurisdiction over and its right to exclusive possession of this land.

■ Appellees argue here the matter of laches on the part of the bank and other creditors. It is very doubtful if laches could affect this matter of jurisdiction even though they were abundantly established, but there is no sufficient proof here that laches existed. In fact, the scant testimony upon that point tends the other way.

■ Appellees contend also that the order of July 11th is res judicata, that there is no possession of this land in the probate court because that order was appealable, and no appeal has been taken therefrom. Under some circumstances there might be merit in this contention. Here, however, the situation does not warrant that result. That situation is as follows: The "proof of secured claim, petition for the adjudication of lien, and for sale of real property" of the association had been filed on July 6th. The probate judge, the bank, and other parties had moved to dismiss that pleading and that alone in a tersely stated attack upon the jurisdiction. Upon July 11th, the trustee and the association had filed a joint petition praying a restraining order. The order of that date recites that it is made upon the above joint petition and "motion to dismiss of the defendants, and upon certain documentary evidence consisting of the original note and mortgage executed by the bankrupt, Frederick Phillip Blanks to the Tri-State Savings & Loan Association, a certified copy of the order of the Referee in Bankruptcy of the United States District Court, Western District of Arkansas, El Dorado Division, adjudging the said Frederick Phillip Blanks a bankrupt, certified copies of the petitions of the Hamburg Bank and Lola G. Blanks, as administratrix filed in the Probate Court of Ashley County, Arkansas, also certified copy of notice published to the effect that said petitions would be presented to said Probate Court on the 18th day of July, 1932." It is evident from this proceeding that there was much to be desired, from the standpoint of these appellants, in the state of the record. It is obvious that the "plea to jurisdiction,"

which they filed fifteen days later, was intended to perfect the situation both in regard to pleading and evidence. This pleading was filed well within the thirty days allowed for appeal and was no attempt to extend the time for appeal or to raise the same issue after time for appeal had elapsed. The pleading so filed more definitely and more fully apprised the court of the issues relating to jurisdiction and the fuller evidence introduced upon the hearing of that plea more fully apprised the court of the situation to be affected. We think there is no merit in this contention.

The order should be and is reversed, with directions to vacate the order of injunction and take such other action as may be necessary in harmony with this opinion.