TURNER, GUARDIAN, *v.* MARTIN.

4-8122　　　　　　　　　　　　　　200 S. W. 2d 495

Opinion delivered March 24, 1947.

*Bernard Whetstone,* for appellant.

*Gaughan, McClellan & Gaughan,* for appellee.

McHANEY, Justice. Solomon Turner, for whom appellants are guardians in this litigation, on January 13, 1938, conveyed to appellee, Annie M. Newton, sister of and trustee for the other appellee, Martin, by warranty deed, an undivided one-half interest in and to the oil, gas and other minerals in a described 80 acres of land in Ouachita county for a "consideration of the sum of $10 and other lawful considerations." On the same date said Turner conveyed by warranty deed, for the same recited consideration, an undivided one-fourth interest in the minerals in a described 40 acres of land in said county.

On December 5, 1945, nearly eight years after said conveyances by Solomon Turner and his wife, appellant William Turner was appointed guardian of the person and estate of his father and, on the same day, brought this action as guardian against appellees to cancel and set aside said deeds and the record thereof on the grounds of fraud on the part of appellee Martin in their procurement and the alleged insanity and incompetency of Solomon on, prior and subsequent to January 13, 1938, the date of said deeds. The Turners are Negroes, and the complaint alleged that Solomon was 77 years old at the time of said conveyances and was incompetent; that appellee Martin is a white man, a lawyer, and is well versed in business matters in general and particularly in mineral interests, values and trading; that the consideration for the conveyance of an interest in the 40 acre tract was a conveyance by Martin to Solomon of an undivided interest in the minerals in a 40 acre tract in Columbia county, owned by Martin, which was of less value than that conveyed by Solomon; that the conveyance of the minerals in the 80 acre tract by Solomon was without consideration; and that both conveyances by the latter were made when he was mentally incompetent.

Appellees admitted the conveyances as alleged, but denied all allegations of fraud and incompetency of Solomon, or lack of consideration.

It developed that, during the pendency of the action, William Turner, guardian, attempted to settle and dismiss the action he had brought without the knowledge or consent of his counsel and the court thereupon appointed appellant, James Harvey Rumph, the clerk of the court, as substituted guardian for Solomon Turner, and the action was thereafter continued in his name.

Trial resulted in a decree for appellees dismissing the complaint for want of equity. In its decree the court found that Solomon Turner owned only a one-third interest in the minerals in the 80 acre tract at the time of his conveyance to appellees, although his deed recited the conveyance of a one-half interest therein, and that on April 20, 1938, appellee Newton conveyed to Solomon an undivided one-sixth interest of the minerals therein, and that this deed "was given merely for the purpose of conveying back to Solomon Turner" the difference between what he attempted to convey and what he actually owned. The court also found that, on January 13, 1938, Solomon Turner was of sound mind and not incompetent and that appellants were barred by the seven year statute of limitations from maintaining the action; and that there was no fraud or lack of consideration.

Counsel for appellants assigns seven reasons for a reversal of the decree, and argues all of them, in the face of his admission in his brief "that it is the personal opinion of counsel for appellant that the learned Chancellor who tried this case actually committed no error which would affect the results of this suit on any of the first six points raised." We agree with counsel that this is true. We do not set them out and comment on them separately. They relate to the admissibility of certain evidence offered and refused or admitted over objections, the refusal of the court to permit a non-suit to be taken after submission of the case and after the court had indicated what the decision would be, and the finding that Solomon Turner was not mentally incapacitated or defrauded when he executed the deeds or that they were without consideration. The matter of the request to be non-suited, coming

when it did, rested in the sound discretion of the court, there being no cross complaint. *Watts* v. *Watts,* 179 Ark. 367, 15 S. W. 2d 997. No abuse of discretion is shown. As to the mental capacity of Solomon, fraud and absence of consideration, the evidence was in dispute and, after carefully examining same, we agree that the preponderance of the evidence is in favor of the court's finding,— at least we cannot say it is against the weight of the evidence.

The only other argument made relates to the action of the court in its ruling on the effect of the deed of appellees to Solomon Turner of April 20, 1938, conveying to him an undivided one-sixth interest in the minerals in the 80 acre tract, heretofore referred to. The fact is that Turner owned only one-third of the minerals in the 80 acre tract, but through error conveyed a one-half interest to appellees by warranty deed. When Martin discovered the error some weeks later, he called on Turner to make good the difference of one-sixth either by an additional interest in the 40 acre tract or a cash consideration. Turner preferred the latter, paid the cash, according to Martin, who on April 20, 1938, caused his sister to execute a deed to Turner to an undivided one-sixth interest in the 80 acre tract, as Martin says, to clear the record. The court accepted Martin's explanation of the transaction, which is undisputed, and we think correctly so. Turner owned only a one-third interest. While he conveyed one-sixth more than he owned, Martin acquired only a one-third interest and still has only a one-third interest. It appears to us to be to Turner's interest to get that one-sixth interest over-conveyance back to relieve himself of liability on his warranty and for protection under our after-acquired title statute, § 1798 of Pope's Digest.

The complaint did not raise this question. The evidence regarding it was brought out on cross-examination of Martin, over his objections, and the court was asked by appellant to treat the complaint as amended to conform to the proof. We think the court correctly held that the deed of April 20, 1938, was a part of the original

transaction between the parties and should be construed along with the deeds of January 13, 1938.

We find no error and the decree is, accordingly, affirmed.