BUCKNER *v.* WRIGHT.

4-9396                                    236 S. W. 2d 720

Opinion delivered February 26, 1951.

*Bernard Whetstone*, for appellant.

*Mahony & Yocum*, for appellee.

Ed. F. McFaddin, Justice. Appellants, as plaintiffs, instituted this suit, seeking cancellation of a deed purportedly executed by them to J. A. Wright, but which deed appellants denied executing. Appellees are the widow, and devisees under the will, of J. A. Wright. We will refer to the parties as they were styled in the lower court.

The complaint alleged: that "plaintiffs were the owners of an undivided one-half interest in the oil, gas and other minerals, as well as the surface," of twenty acres of land in Union County, "evidenced by quitclaim deed from J. A. Wright and Isa Wright dated April 6, 1937"; that by mineral deeds, plaintiffs have disposed of three eighths of the minerals, leaving "the surface rights and one-eighth (⅛) of the royalties still belonging to the plaintiffs"; and that "on September 27, 1948, there was placed of record . . . a purported quitclaim deed purportedly signed by these plaintiffs and dated June 1, 1937, to an 'undivided ½ interest in the minerals'

in the property in question and above described, to J. A. Wright". The plaintiffs denied the execution of the June 1, 1937, instrument and prayed that it be cancelled.

The gist of the plaintiffs' case was: that on April 6, 1937, J. A. Wright conveyed to them the surface rights and one-half of the minerals in twenty acres; that they promptly recorded their deed, and have all the time considered themselves to be the owners not only of the surface but also of one-half of the minerals; that J. A. Wright died testate on April 30, 1948, survived by defendants, as his widow and devisees; that on September 27, 1948, defendants placed of record a deed dated June 1, 1937, purporting to have been signed and executed by plaintiffs and purporting to convey to J. A. Wright one-half of the minerals in the twenty acres. Since plaintiffs claim to have received only one-half of the minerals from J. A. Wright by the deed of April 6, 1937, it is apparent that if the deed of June 1, 1937, be valid, then plaintiffs do not own any minerals under the twenty-acre tract. In their efforts to defeat the June 1, 1937, deed, plaintiffs not only denied its execution but also pleaded limitations, laches and estoppel. The Chancery Court found against plaintiffs on all points; and they have appealed.

I. *Execution of the Deed Dated June 1, 1937.* The original deed, so dated, was presented to the plaintiffs; and their denials of execution were considerably weakened by their equivocal and evasive answers. Tommie Buckner said: "It looks like my signature"; and again, "In June I say I didn't have anything to do with it". Vera Buckner said: "It seems to have my signature, but I don't know anything about it, myself. I don't remember it. I ain't going to say it is not my writing; but if I signed it, I didn't understand what I was signing." The Notary Public, who took the acknowledgment of the plaintiffs to the June 1, 1937, deed, positively testified that they appeared and acknowledged the execution of the said deed. An expert in handwriting testified as to the genuineness of the signature of Tommie Buckner.

Without detailing all the evidence, it is sufficient to say that we reach the conclusion—as did the trial court—that the plaintiffs executed the said deed of June 1, 1937.

II. *Limitations.* The twenty-acre tract was wild and unimproved; and plaintiffs claimed that they had paid taxes on the land for more than seven years, and thereby sought to claim the minerals by limitations under § 37-102, Ark. Stats. Such claim is without avail. This suit does not involve the surface rights of the twenty acres: it involves only the minerals; and the taxes paid by the plaintiffs were the general—or land—taxes. The plaintiffs' case presupposed outstanding minerals—to the extent of one-half — when plaintiffs received their deed of April 6, 1937, from J. A. Wright. Therefore, when plaintiffs executed the deed here in question to J. A. Wright on June 1, 1937, such deed constituted, between the parties, constructive severance of the remaining one-half of the minerals. Thus, the plaintiffs' payment of general taxes after 1937 would not constitute adverse possession of the minerals, anymore than possession of the surface would have supported a claim of adverse possession against the owner of the minerals. We have repeatedly stated that possession of the surface is not adverse to the owner of the constructively severed minerals. See *Bodcaw Lumber Co.* v. *Goode,* 160 Ark. 48, 254 S. W. 345, 29 A. L. R. 578; *Claybrooke* v. *Barnes,* 180 Ark. 678, 22 S. W. 2d 390, 67 A. L. R. 1436; *Skelly Oil Co.* v. *Johnson,* 209 Ark. 1107, 194 S. W. 2d 425; *Jones* v. *Brown,* 211 Ark. 164, 199 S. W. 2d 973; and *Brizzolara* v. *Powell,* 214 Ark. 870, 218 S. W. 2d 728.

III. *Laches and Estoppel.* Plaintiffs say that J. A. Wright did not record the deed of June 1, 1937; that he remained silent while plaintiffs executed an oil and gas lease in 1944; that his death has destroyed plaintiffs' opportunity to have his testimony; and that the defendants signed a Unitization Agreement in 1948 covering forty acres of land, including the twenty-acre tract here involved, which unitization instrument showed that the plaintiffs had also signed it. In these facts we cannot find the required essentials to support plaintiffs' claim

either of laches or estoppel. When we hold—as we have—that plaintiffs executed the deed of June 1, 1937, here in question, then the necessary result of such holding is that they knew of the deed regardless of recordation. Therefore, the failure of J. A. Wright, to record his deed, could not adversely affect these plaintiffs. The execution by them of the oil and gas lease in 1944 could not be an act sufficient to constitute laches or estoppel in plaintiffs' favor against J. A. Wright or his estate, because the lease was not in his chain of title. (See *Abbott* v. *Parker,* 103 Ark. 425, 147 S. W. 70; and *Etchison* v. *Dail,* 182 Ark. 350, 31 S. W. 2d 426.) Likewise, since the plaintiffs deny the execution of the June 1, 1937, deed, we fail to see how J. A. Wright's death could have possibly deprived them of any testimony regarding the fact of the execution of the deed. As for the unitization instrument in 1948: it does not attempt to say that any particular one of the twenty signers owned any particular interest in the forty acres covered by the unitization; and the defendants were not required to know the mineral interest claimed by each of the persons who signed that instrument. So we find no merit in plaintiffs' plea of laches or estoppel.

IV. *"Deed Conveyed No Beneficial Interest".* Under this quoted heading the plaintiffs, in their brief in this Court, engage in considerable speculation as to why the deed of June 1, 1937, was executed, and why J. A. Wright never placed it of record. We are asked to apply in this suit, such cases as *Turner* v. *Martin,* 211 Ark. 376, 200 S. W. 2d 495; and *Woodruff* v. *Miller,* 212 Ark. 191, 205 S. W. 2d 181. Those cases are not applicable here, because there are no facts in the case at bar to bring it within the rule of either of the cited cases. We cannot join the plaintiffs in their present speculations, because they testified that they did not execute the deed of June 1, 1937; and that was the point decided by the trial court. Plaintiffs cannot now be heard to say that they "might have executed" the said deed for

some purpose, when their entire evidence is a denial—and not an explanation—of execution.

Finding no error, the decree is affirmed.