WOOLFOLK *v.* DAVIS.

5-763                                          285 S. W. 2d 321

Opinion delivered December 19, 1955.

[Rehearing denied January 23, 1956.]

*Moncrief & Moncrief,* for appellant.

*Botts & Botts,* for appellee.

Lee Seamster, Chief Justice. This is an appeal by the appellants, from a decree of the Arkansas Chancery Court, southern district. The decree was filed in the clerk's office on February 16, 1955, and the appeal has been properly filed in this court.

The chancellor, in his decree, made the following awards: to the appellee, W. H. Davis, an 8/27th interest in all moneys derived from the sale of real property, and an 8/27th interest in the real property in litigation; to the other appellees, intervenors below, an 2/27th interest in all moneys derived from the sale of real property, and a 2/27th interest in the real property in litigation; to the appellants, the widow and the only heir of R. M. Davis, deceased, a 17/27th interest in the real property in litigation. The chancellor also directed that a master be appointed by the court to determine the proportionate amount of money owed to one another by these co-tenants as rents and profits, taxes, repairs and improvements on the property and that the cause be continued for the purpose of procuring a report of the master.

The appellants contend that Jane Davis Woolfolk, the only heir of R. M. Davis, deceased, is the owner in fee of all the property involved in the instant suit by virtue of the following reasons: by reason of a decree of the Arkansas Chancery Court, Southern district, dated September 24, 1945, in a case wherein Ham Davis was plaintiff and the parties to this suit were defendants, in which the court confirmed title to the property in appellant, Jane Woolfolk; that appellee's suit is a collateral attack on the decree and that said decree is not void but is res judicata; that the appellees are barred by the seven year, the five year, and the two year statutes of limitation; that the court erred in overruling the claim of title by Jane Woolfolk, by reason of her deed from Alberta Davis, widow of T. J. Davis, Jr., deceased, and

also by reason of her deeds from Myrtle McKenzie, the commissioner of State lands and the sewer improvement district of the City of DeWitt, Arkansas; that the court erred in holding appellant liable for rents and profits and in awarding any of the property to appellees.

The facts in this case show that T. J. Davis, Sr. was the owner of the property involved in this action at the time of his death, on March 8, 1911. Davis died intestate leaving surviving him his widow, Jennie Davis, and his five children, Ham A. Davis, W. H. Davis, T. J. Davis, Jr., R. M. Davis and Myrtle Davis McKenzie, who were all of age and his sole heirs at law. There was no administration on the estate of T. J. Davis, Sr., and the family made a division of this property among themselves. W. H. Davis, Ham Davis and Myrtle Davis McKenzie were each deeded separate tracts of property as their respective shares in the estate, and on February 5, 1913, the said W. H. Davis, Ham Davis and Myrtle Davis McKenzie joined in a deed conveying the property involved in this litigation, and other property, to Jennie Davis, T. J. Davis, Jr., and R. M. Davis, in consideration for certain property which they all held as tenants in common. This deed recited the relationship of the parties and contained a warranty clause to warrant and defend the title to the land conveyed to the grantees ''against the claims of all persons whomsoever claiming the same by, through, or under us, but none other.''

On September 1, 1914, T. J. Davis, Jr. and R. M. Davis conveyed by deed to Jennie Davis, their two-thirds interest in said lands and on September 15, 1915, Jennie Davis, secured a decree of the proper court in which the absolute fee simple title to said lands was confirmed in her. On January 3, 1918, Jennie Davis conveyed by deed, to T. J. Davis, Jr. and R. M. Davis, a two-thirds interest in said lands. At this point, Jennie Davis, T. J. Davis, Jr. and R. M. Davis, each owned an undivided one-third interest in said lands as tenants in common. They occupied, controlled and used said lands together, until December 7, 1932, when Jennie Davis died intestate, leaving surviving her the five children, hereinabove

named, as her sole heirs. No administration was had on her estate. Thereafter, T. J. Davis, Jr. and R. M. Davis used said lands until July 6, 1935, when T. J. Davis Jr. died intestate. There was no administration of his estate and he left surviving him his widow, Alberta Davis. He left no descendants and his only heirs were his sister and three brothers, who are hereinabove named. The family had a settlement as to the property and the heirs all joined in a deed, conveying to the widow, Alberta Davis, certain common property (not here involved) as her dower interest in her husband's estate. Alberta Davis executed a deed conveying the land here involved to Jane Davis Woolfolk, one of the appellants herein and the daughter of R. M. Davis, deceased.

R. M. Davis continued to live on the old home place with his wife, daughter and brother, Ham Davis, who was unmarried. R. M. Davis continued to control the property, collected rents and made improvements thereon. On February 11, 1938, R. M. Davis made a deal with his sister Myrtle McKenzie (nee Myrtle Davis) whereby, he conveyed to her common property or the proceeds from the common property in return for her interest in the estate of Jennie Davis and T. J. Davis, Jr., both deceased. R. M. Davis had the deed made to his daughter, Jane Davis Woolfolk, one of the appellants herein. Jane Davis Woolfolk does not claim to have paid Myrtle McKenzie any consideration for this deed.

R. M. Davis continued to manage said property until January 25, 1942, when he died intestate. There was no administration of his estate. His widow, Helen Davis, has continued to collect rents, make repairs and pay taxes on the property, since her husband's death. She carried on this business through a bank account in the name of "R. M. Davis, agent." Both she and her daughter now contend that she was acting as agent for her daughter, Jane Woolfolk, and that Jane permitted her to use such of the money as she needed. In January, 1944, Ham Davis, while still living in the family house with the appellants, filed a suit against the appellants

and W. H. Davis and Myrtle McKenzie, in which he sought an accounting and a partition of the real estate herein involved.

On November 3, 1944, Myrtle McKenzie died intestate and no administration was had on her estate. She left as her only heirs, the appellees, Jean Black, Pattie Martin, Tom McKenzie, Danna Jean Pond and Paula Irene Campany, who were the intervenors in the trial of this cause. Ham Davis died intestate on April 6, 1945, while his suit for an accounting and partition of the property was still pending in the court below. The cause was never properly revived against the heirs of Myrtle McKenzie and the cause was never properly revived by the heirs of Ham Davis. Jane Woolfolk filed an answer in the Ham Davis suit and claimed the fee simple title to all the land in question, by reason of the tax deeds and other deeds, as well as being the sole and only heir of R. M. Davis, deceased. Her answer was set up as a defense to the Ham Davis complaint and she prayed that he take nothing by reason thereof. Her answer was not made a cross-complaint and no notice was served on any of the other defendants in that suit, that she was claiming the title to the property by way of her answer.

An attempt was made to revive the action on the Ham Davis suit, on May 21, 1945, by the plaintiff's attorney calling the court's attention to the plaintiff's death. All of the heirs of Ham Davis were named as defendants in the Ham Davis complaint. None of his heirs, except Jane Woolfolk, ever appeared in court to have the cause revived or to take any other steps in the case. None of the others had any notice of the proceedings, as required by law. On September 24, 1945, the plaintiff's complaint in the Ham Davis suit was dismissed and a decree was issued confirming the title to the land in appellant, Jane Woolfolk.

During his lifetime, R. M. Davis had sold several tracts of this land and in each case the appellee, W. H. Davis, joined in the deeds to convey this property to

purchasers. In the Spring of 1947, a Mr. Graves started improving a town lot in DeWitt, which was a part of the land in litigation. W. H. Davis made an inquiry into the matter and discovered that Jane Woolfolk had sold the lot to Graves on August 3, 1946. Upon confronting Jane Woolfolk with this matter, he was told that the property was hers and she could dispose of it as she pleased. Mr. Davis contends that this was the first knowledge he had that she was claiming title to the property. On May 13, 1950, the appellee, W. H. Davis, filed the instant suit against the appellants, setting up his claim to the property and asking for an accounting and partition of the lands in question. Appellants filed an answer, claiming title to the property. On July 3, 1952, the appellee, heirs of Myrtle McKenzie, filed an intervention in the action, claiming an interest in the property, as heirs of Ham Davis.

The appellants' contention that the judgment in the Ham Davis suit, rendered September 24, 1945, is res judicata, cannot be sustained. It is unnecessary to determine whether the attack by appellees on this judgment, is a direct or collateral attack. The judgment is void on the face of the record. It is a well settled principle that the record in a case embraces the successive judicial steps which have been taken and are necessary to show the jurisdiction of the court in the case. The necessary records for this purpose are the pleadings and exhibits thereto; the process or summons with proof of service thereof, and the record made by the court, such as intermediate orders and the final judgment.

The record here shows that there is a total lack of service upon any of the appellees; no pleadings either by complaint or cross-complaint to authorize the judgment. A judgment rendered without notice to the parties affected is void under our statute, Ark. Stats., 1947, § 29-107.

The appellees herein are barred from claiming any interest in the property as heirs of Ham Davis. At the

time of his death, Ham Davis had pending a suit against the appellants and appellees for the purpose of having his rights determined in the land here involved, and to have such rights enforced by the court. The appellants were in possession of the land and the suit of Ham Davis was to determine his interest in the property as against appellants. When Ham Davis died the suit abated, subject to the right of his heirs to have the action revived within one year from the next session of court after his death. They failed to have the cause revived within the time and manner provided by Ark. Stats., 1947, § 27-1012 to 27-1017.

The failure of the appellees to revive the action is a complete bar to any claim the appellees might have as heirs of Ham Davis in the property herein involved. See *Anglin* v. *Cravens*, 76 Ark. 122, 88 S. W. 833; *Keffer* v. *Stuart, Admr.*, 127 Ark. 498, 193 S. W. 83. The trial court erred in awarding to appellees that interest in the land which they would have taken as heirs of Ham Davis, had it not been for the pendency of the Ham Davis suit. The only interest claimed by the intervenors, as heirs of Myrtle McKenzie, deceased, was such interest as they might have as heirs of Ham Davis. Their intervention should have been dismissed by the court. This result also reduces the interest claimed by appellee, W. H. Davis. His interest would be reduced by 2/27th, which would leave his remaining interest as a 2/9th interest in the property here involved.

The trial court was correct in its findings and decree, except as to the heirs of Ham Davis. Appellee, W. H. Davis, insists that he received his first notice of Jane Woolfolk's claim to be absolute owner of the lands involved, in April of 1947. However, the appellants contend that W. H. Davis is bound by the public record of the answer filed in 1944, in the Ham Davis suit. The instant suit was filed in 1950 and is within seven years of the date the answer was filed. During the lifetime of R. M. Davis, the appellee, W. H. Davis, frequently talked to R. M. Davis about the affairs of

the common property. When a sale was made of any of the property, W. H. Davis joined with R. M. Davis and others in conveying such property. Thus, R. M. Davis recognized the interest that W. H. Davis held in the common property.

Possession of property, by one tenant in common is prima facie the possession of all tenants in common. The sole enjoyment of rents and profits by one tenant does not necessarily amount to a disseizin as to the other tenants in common. For possession by one tenant to be adverse to his co-tenants, the knowledge of such adverse claim must be brought home to the co-tenants, either directly or by such acts that notice may be presumed. R. M. Davis had the greater interest in this property and he had managed and operated it since the death of his mother in 1932. He had also managed it since the death of his brother, T. J. Davis, Jr., in 1935. There was never any disagreement between R. M. Davis and appellee, W. H. Davis. In fact there was no disagreement between said appellee and appellants, until sometime in April of 1947. Adverse possession is no defense in this case. *Gibbs* v. *Pace,* 207 Ark. 199, 179 S. W. 2d 690; *Singer* v. *Naron,* 99 Ark. 446, 138 S. W. 958; *Smith* v. *Kappler,* 220 Ark. 10, 245 S. W. 2d 809.

The appellant, Jane Woolfolk, claims title to the land by reason of certain deeds made to her by the State Land Commissioner and the City Improvement District of DeWitt. The purchases from these tax sales were made by R. M. Davis, at a time when he was one of the co-tenants and was in possession of the property. He was managing the property and collecting the rents and profits. It was his duty to pay the taxes out of these rents and profits. His daughter, Jane, was living with him in the home as a member of his household. The purchase of the tax title, under the proof adduced in this case, amounted only to the payment of the taxes and no title passed to the grantee. *Spikes* v. *Beloate,* 206 Ark. 344, 175 S. W. 2d 579; *Inman* v. *Quirey,* 128 Ark. 605, 194 S. W. 858; *Smith* v. *Kappler,* 220 Ark. 10, 245 S. W.

2d 809; *Zachery* v. *Warmack,* 213 Ark. 808, 212 S. W. 2d 706.

The deed from Alberta Davis to appellee, Jane Woolfolk, does not strengthen Jane Woolfolk's title. The heirs of T. J. Davis, Jr., including the appellee, W. H. Davis, by agreement with Alberta Davis, conveyed to her certain of the common property as her dower. The heirs of T. J. Davis, Jr. took title to the remaining land by descent. The deed from Myrtle McKenzie to Jane Woolfolk, which was made at the request of R. M. Davis, was for the benefit of all the owners of the property. Common property was given Myrtle for her interest in the estate and the transfer of her interest was for the good of all the owners.

The appellants contend that appellee, W. H. Davis, by his deed to his mother and two brothers after his fathers death, conveyed the whole and with a warranty of title and that his after acquired title by inheritance inures to the appellants. It will be noted that the warranty in the deed was a special warranty and the grantors agreed to defend the title only against all claims by, through or under the grantors, and none others. It will also be noted the conveyance was to the grantees and their heirs. Appellee, W. H. Davis, was one of the five heirs of Jennie Davis and one of four heirs of T. J. Davis, Jr. The interest that appellee acquired after the conveyance, was as heir to the grantees or their heirs. There was nothing in the conveyance by which appellee waived his future right of inheritance from the grantees.

The deed in question was made to partition the estate of the deceased husband and father. No one contests the fact that the grantees failed in any way to get the complete title to the property, at the time the deed was made to them. There is no claim that the grantors did not have a legal estate in said lands. It is perfectly clear that all the parties to the deed knew the interest owned by the other, and knew that by said deed, the grantees would become the owners in fee simple of the

lands. There was no outstanding title to be acquired by the grantors that would inure to the grantees.

The decree of the trial court is affirmed, except as to the interest in the property claimed by appellees, as heirs of Ham Davis. The intervention of the intervenors is dismissed and appellee, W. H. Davis is declared the owner of a 2/9th interest in the property. The appellant, Jane Davis Woolfolk, is declared the owner of a 7/9th interest in the property, subject to the rights of her mother, Helen Davis, who is the widow of R. M. Davis. The case is affirmed in part and is reversed and remanded in part, as herein set out with instruction to proceed according to law and not inconsistent with this opinion. The costs are ordered paid as follows: by appellants 60% of the cost; by appellee W. H. Davis 20% of the cost; by appellees, the heirs of Myrtle McKenzie 20% of the cost.