WHEELER v. HARRIS.

5-2189                                             339 S. W. 2d 99

Opinion delivered September 26, 1960.

[Rehearing denied October 31, 1960]

*Boyce Love* and *Lasley & Lovett,* for appellants.

*Wiley A. Branton,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellants for partition of a 77-acre tract which they assertedly own as tenants in common with the appellee Ernest Harris. Harris defended upon the ground that he had acquired title to the land by adverse possession, and the chancellor so found. The correctness of that ruling is the principal issue on appeal.

The land in question was owned by the parties' ancestor, E. W. Wheeler, at his death in 1935. By the terms of Wheeler's will the property was left to his only surviving child, Alberta Johnson, for life, with remainder in eleven equal parts to the testator's ten grandchildren and to Dess Hampton, the husband of one of the granddaughters. The life tenant had possession of the property until her death in 1942. During her lifetime she purchased an outstanding drainage district tax title to the land, but of course this amounted only to a redemption, as it was her duty to pay the taxes and special assessments. Ark. Stats. 1947, § 84-925; *Williams* v. *Anthony,* 182 Ark. 810, 32 S. W. 2d 817; *Higginbotham* v. *Harper,* 206 Ark. 210, 174 S. W. 2d 668.

Upon the death of the life tenant in 1942 the right of possession passed to the eleven remaindermen, as tenants in common. As a matter of fact only one of the tenants in common, Ella Hampton, who was the life tenant's only child, took possession of the property. Without objection from her cousins Ella Hampton held the land until her death, either farming it herself or renting it to others. In 1947 she conveyed twenty acres

to her son, the appellee Ernest Harris, who thereafter received the rents from those twenty acres. It is not shown that any of the other cotenants had knowledge of Ella's deed to the appellee nor of a later deed by which Ella and her son conveyed two acres to a church. Ella died in 1952, and the appellee had been in possession for slightly less than seven years when this suit was filed by the appellants, who are the other nine grandchildren or their successors in title. The other tenant in common, Dess Hampton, was joined as a defendant but made no defense.

In claiming title by adverse possession the appellee must rely upon his own possession and that of his mother, both of whom were tenants in common with the appellants. It is a familiar rule that mere possession by a tenant in common is insufficient to show the necessary element of hostility, for each cotenant has an equal right to occupy the property. For the possession of a tenant in common to be adverse it is necessary that knowledge of his hostile claim be brought home to his cotenants, either directly or by notorious acts of such an unequivocal character that notice may be presumed. *Smith* v. *Kappler*, 220 Ark. 10, 245 S. W. 2d 809; *Woolfolk* v. *Davis*, 225 Ark. 722, 285 S. W. 2d 321. Even stronger evidence is required where, as here, a family relationship exists. *Staggs* v. *Story*, 220 Ark. 823, 250 S. W. 2d 125.

We consider the proof quite insufficient to establish the claim of title by adverse possession. There is no showing that either the appellee or his mother ever notified the other cotenants, or any of them, that a hostile claim of ownership was being asserted. Nor were there notorious acts of such an unequivocal character that notice must be presumed. Possession alone carries no implication of hostility to the cotenants. Harris and his mother paid the taxes, but such payments were to be expected in view of their enjoyment of possession and their collection of the rents. The execution of the deeds that we have mentioned added nothing to their claim, as the appellants did not have knowledge of these conveyances and were not required to take notice of instru-

ments outside their own chain of title. *Etchison* v. *Dail,* 182 Ark. 350, 31 S. W. 2d 426.

We do not regard as controlling the cases cited by the chancellor and relied upon by the appellee: *Jones* v. *Morgan,* 196 Ark. 1153, 121 S. W. 2d 96; *Toomer* v. *Murphy,* 198 Ark. 610, 129 S. W. 2d 937; and *Hildreth* v. *Hildreth,* 210 Ark. 342, 196 S. W. 2d 353. In those cases the cotenant's assertion of a hostile claim was strongly supported by proof of positive acts of ownership, such as the making of costly improvements. Here the bare possession of the appellee and his mother stands almost alone, unsupported by affirmative acts that might be considered to be a tacit repudiation of the tenancy in common.

Reversed and remanded for further proceedings.

GEORGE ROSE SMITH, J., on rehearing. The appellee insists that we were in error in failing to recognize a distinction as between the twenty acres conveyed to the appellee in 1947 and the rest of the land. It is contended that, in view of the 1947 conveyance, the appellee's possession thereafter should be considered to have been adverse to his contenants.

This contention is unsound. It is true that if Ella Hampton had executed a deed purporting to convey the entire fee simple in the twenty acres to a stranger to the title, and if the grantee had then openly taken possession, there might have been such an ouster of the other co-owners as to set the statute in motion. *Parsons* v. *Sharpe,* 102 Ark. 611, 145 S. W. 537. But that is not this case. During Ella Hampton's lifetime there was no visible change in the possession of the twenty acres. The appellee testified that even after the 1947 deed his mother continued to collect the rents, accounting to him; he admits that until his mother's death he did nothing to proclaim his assertion of ownership except pay the taxes. Hence there was no such outward evidence of a possessory change as to put the appellants on notice of a hostile claim.

Rehearing denied.