BUSINESS MEN'S ACCIDENT ASSOCIATION OF AMERICA *v.* GREEN.

Opinion delivered January 31, 1921.

1. DESCENT AND DISTRIBUTION — RIGHT OF SOLE HEIR TO COLLECT PROPERTY WITHOUT ADMINISTRATION.—Under Crawford & Moses' Digest, § 1, authorizing action by adult heirs to collect the ancestor's property without administration in certain cases, a complaint by the sole heir of a decedent must allege, either that the creditors consented, or that all of decedent's debts have been paid, or that decedent was under no legal liability, either matured or incipient, to any person.

2. DESCENT AND DISTRIBUTION—RIGHT OF SOLE HEIR TO SUE.—To authorize a suit by a sole heir to collect a claim due decedent under the above statute, it is not necessary that the probate court shall have previously adjudicated that there were no unpaid debts; the circuit court having a right to determine that fact itself.

Appeal from Polk Circuit Court; *J. S. Steel,* Judge; reversed.

*Solon T. Gilmore* and *Prickett, Pipkin & Mills,* for appellant.

1.   The court erred in sustaining the demurrer to the complaint.   The probate court has exclusive jurisdiction in matters of estate of decedents.   Const. 1874, art. 7, § 34; Kirby's Digest, § 56, chap 1.

2.   No other court has power to administer the estate or pass on the rights of creditors and distributees, and the court erred in rendering judgment, as the complaint did not state a cause of action.   47 Ark. 222; 51 Id. 361-6; 48 *Id.* 544; 40 *Id.* 433.

3.   Our statute requires plaintiff to bring suit either with the consent of the creditors or allege there are no creditors.   No allegation of either of these conditions is shown or alleged.   Kirby's Digest, chap. 1, § 15.

4.   Under our Constitution it is essential that there should have been a binding order or adjudication of the probate court that the creditors consented, had been paid or that no creditors existed, and that plaintiff is the sole heir or distributee of Jesse J. Green, deceased.   Const., art. 7, § 34; Kirby's Digest, chap. 1, § 56; 47 Ark. 222; 51 *Id.* 366; 48 *Id.* 544; 40 *Id.* 433.

5.   Plaintiff must bring himself clearly within all provisions necessary to authorize him to maintain the action.   31 Cyc. 19; 175 Ind. 98; 262 Mo. 25; 19 Cal. 551; 80 Ky. 69; 77 Me. 490; 6 Ind. App. 80.   It was error to overrule the demurrer.

McCulloch, C. J.   Appellant issued a policy to Jesse J. Green, insuring him against accident and against loss of time occasioned by sickness.   Liability accrued on account of "loss of time occasioned by sickness" in the sum of $645.71, and appellant paid to Green the sum of $100 on this liability.   Green died, and this action was instituted by appellee, the father of said decedent, to recover the balance due under the policy, and the complaint contains the following paragraph:

"Plaintiff states that the said Jesse J. Green was the son of plaintiff, was unmarried and died intestate, and that plaintiff is his sole heir at law and next of kin; that, under the terms and provisions of the policy or

certificate hereinabove mentioned, there is due and owing the estate of said Jesse J. Green, and to plaintiff as the sole heir of said estate, the sum of $645.71, of which amount the defendant has paid the sum of $100, leaving a balance due thereon of $545.71, with interest thereon from the 1st day of June, 1919, until paid."

There was a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action and also that appellee had no right to sue on the policy. The court overruled the demurrer and, appellant declining to plead further, the court rendered judgment in favor of appellee. We have no briefs in favor of appellee, but he doubtless claims the right to sue under the following statute: .

"When all the heirs of any deceased intestate and all persons interested as distributees in the estate of such intestate are of full age, it shall be lawful for them to sue for, recover and collect all demands and property left by the intestate, and to manage, control and dispose of such estate without any administration being had thereon in all cases where the creditors of such estate consent or agree for them to do so, or where they have paid or satisfied all valid debts and demands against such intestate, or where such intestate was, at the time of his death, under no legal liability, either matured or incipient, to any person; and in every such case after they have taken such control and management of the estate no letter of administration shall be granted thereon, or, if granted, the same shall, on their application, be revoked." Crawford & Moses' Digest, § 1.

The allegations of the complaint are not, however, sufficient to bring appellee within the terms of this statute, in that it is not alleged that the creditors of the estate consent or agree for appellee to maintain the action, or that appellee has "paid or satisfied all valid debts and demands against such intestate, or where such intestate was, at the time of his death, under no legal liability, either matured or incipient, to any person."

This omission is fatal to appellee's right to maintain the suit, and the demurrer should therefore have been sustained. *Chisholm* v. *Crye,* 83 Ark. 495.

It is contended further that the statute quoted above is not applicable, unless there has been an adjudication by the probate court to the effect that the debts have been paid, or that there were no debts of the estate. It is argued that any other interpretation of the statute would constitute an invasion of the exclusive jurisdiction of probate courts. We can not agree with this contention, for there is no invasion of the jurisdiction of the probate court in the matter of estates of deceased persons by allowing suit to be instituted in another court by the heirs of the decedent. The circuit court has jurisdiction of the subject-matter of the litigation, and it was within the province of the lawmakers to declare who could maintain an action to recover the debts due a decedent. The circuit court, in exercising its jurisdiction in adjudicating the right of parties with respect to the recovery of debts, draws to it the power to determine whether the jurisdictional facts exist, and it constitutes no invasion of the jurisdiction of the probate court to permit the circuit court to ascertain whether the debts have been paid in order to determine whether or not the plaintiff in a given action has the right to sue.

In the recent case of *Metropolitan Life Ins. Co.* v. *Fitzgerald,* 137 Ark. 366, we upheld the right of the sole heir of a decedent to maintain suit on a policy, and based the decision on the statute hereinbefore quoted. The question of jurisdiction was not raised, but the decision in that case was necessarily determinative of the question of the validity of the statute in its application to sue where there had been no adjudication by the probate court. The record in the case did not show that there had been no adjudication by the probate court, but the plaintiff was allowed to sue on an insurance policy, under the allegation that she was an adult and that there were no debts against the estate of the decedent.

However, for the reason indicated above, the court should have sustained the demurrer, and the judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.