PULLEN *v.* SMITH.

4-5834                              139 S. W. 2d 245

Opinion delivered April 22, 1940.

—PAGE 420]

*Gordon Armitage,* for appellant.

*Henry Midyett* and *Harry Neelly,* for appellee.

GRIFFIN SMITH, C. J. Validity of a partition decree and sale thereunder, and allowance by the chancery court of a claim against proceeds of the sale, are questioned by this appeal.

LaFayette Pierce died in 1911 owning 160 acres of land. He had no children. He was survived by his widow, and by brothers and sisters. The widow, without objection upon the part of others in interest, took possession of all personal property. She also continued to occupy the land. There was no administration.

The widow married Kittrell, and together they lived on the Pierce farm several years. Prior to Mrs. Kittrell's death in 1936 the second husband died, or disappeared.

Mrs. Kittrell by will devised and bequeathed to Laura Smith the property she owned and the property she controlled at the time of her death—including that which came through her first husband.

Laura's husband was Everett Smith. They took possession of the property, letters testamentary having been issued to Everett.

In March, 1937, Laura Smith petitioned the White chancery court for an order directing partition of the Pierce lands, with assignment of her interest and interests of the heirs of LaFayette Pierce.[1] A decree pursuant to the petition was rendered in April, 1937.

In an amended complaint Emma Pullen and others[2] alleged that Laura Smith's suit was fraudulent in that she represented to the court that Edgar Pierce, Ethel Blessingame, Eddie Kemsey, Mattie Pierce, Vernon Pierce, and Emma Holford, as heirs of Andrew Pierce, together with Emma Pullen, were the only heirs of LaFayette Pierce. It was alleged that the names of other heirs were fraudulently omitted. It was also alleged that there was fraudulent entry of the appearance of Emma Pullen.

The court found the land was not susceptible of division in kind, and in the decree of April 12, 1937, directed its sale and the distribution of proceeds. However, the sale was not made until May, 1938, when the purchase price was $400. It is insisted this was inadequate. ". . . being not more than half of the market value."

In April, 1938, a chancery court order allowed Everett Smith $112 reimbursement for funeral expenses of Mrs. Kittrell, the allowance to be a charge against distributive shares of the Pierce heirs. It was alleged the order was obtained by fraud practiced upon the court. ". . . . to which the plaintiffs have a meritorious defense in that the White chancery court had no jurisdiction of the cause in partition until the statute [of limitation as to claims] had run against the estate then in the course of administration, of which Everett Smith was the executor under the will, and administrator of the estate."

The complaint recites that ". . . before the term of June 9, 1937 [expired], the plaintiffs filed a motion to

---

[1] The complaint does not show whether the Pierce land was a new acquisition or an ancestral estate. [For husband's interest in his deceased wife's estate, see act 313, approved March 15, 1939.]

[2] Plaintiffs were Emma Pullen, Lula, Minnie, Edgar, Willie, and Annie Pierce, heirs of William Pierce; and Blanche Pullen Littleton and Fannie Pullen, heirs of Thula Pierce Pullen.

quash the order granting Everett Smith's claim. . . .
At the same time motion was filed asking that the decree
and sale be set aside for want of jurisdiction, and that
the cause be transferred to the White probate court.''
An additional allegation was that ''. . . some of the
names of the other heirs [wrongfully withheld from the
court] are minors.''

One of the recitals in the 1937 partition decree is
that the cause was submitted upon the pleadings, proofs,
etc., ''. . . and evidence adduced by the plaintiff.''

The record does not disclose what this evidence was.
Pleadings brought into the record consist of the com-
plaint of January 9, 1939, the amended complaint—un-
dated, but verified April 4, 1939—the decree of April
12, 1937, and the order sustaining defendants' demurrer,
dated May 8, 1939.

The petition for partition is not in the record. Neither
is the report of the attorney *ad litem,* nor his answer. In
the amended complaint it is stated that certain heirs were
minors, but who these minors were is not disclosed.

Appellants assert that, pending expiration of the
period for filing claims against the estate of Mrs. Kit-
trell, the court refused to pass upon the motion to set
aside the partition decree and motion that the cause be
transferred to probate court, and ''. . . after the term
and after the settlement of claims against said estate, the
court refused to pass on the motion for the reason that
the term had expired in which said motion was filed.''

It appears that prior to the sale all of the plaintiffs
had entered appearances by joining in the motions. This
occurred before lapse of the term during which the de-
cree was rendered.

Appellants seek to invoke § 8246 of Pope's Digest
which authorizes judgments and final orders to be va-
cated or modified after expiration of the term. Second
subdivision of the section permits new trial where pro-
ceedings were had against defendants constructively
summoned. The fourth subdivision provides relief in
cases where fraud has been practiced by the successful
party in obtaining the judgment or order.

Although appellants have not included in the record any order of the chancery court refusing to vacate the partition decree, or to quash the order of allowance, or to transfer the cause to probate court, the amended complaint contains allegations that there was such refusal. We assume, therefore, that the orders were made. If so, they predated June 9, 1937—expiration of the term.

The partition decree was an appealable order.

All relief asked by the appellants was denied in rulings that have been omitted from the record. The objective which brought appellants into court—procurement of the orders—was not attained. Allegations in the petition for partition were known to appellants before the June term expired, although the land was not sold for more than a year thereafter.

This appeal is captioned *"Emma Pullen et al. v. Laura Smith et al."* Because the petition is not in the record we can only identify Laura Smith as a plaintiff. But assuming that some of the appellants were constructively summoned, and that Laura Smith's petition did not contain the names of those now protesting, yet by recitals in the amended complaint it is shown that all were in court when the motions were denied. Having elected not to appeal from the decree of April 12, they are in no position now to complain that they were not in court.

The charge that fraud was practiced on the court, if true, was a fact existing prior to June 9.

In *Royal* v. *McVay,* 180 Ark. 973, 23 S. W. 2d 983, it was held that a partition decree to which all owners of the property were not parties was not void, but only voidable.

In the instant case no minor, alleging the fact of minority and identifying himself or herself, has sought to have the decree set aside.

A meritorious defense is not properly pleaded. There is the general allegation that the land was sold for an inadequate sum, but this is not sufficient to impeach recitals in the decree that evidence was adduced. There is a presumption such evidence went to the question of value, and that the price paid was sufficient.

As to the allegation that the chancery court approved Everett Smith's claim against the estate and directed that it become a charge against the heirs, we think a cause of action was stated. Although copy of the order of allowance is not in the record, the complaint charges that the account was approved and allowed April 12, 1938—more than a year before the demurrer was sustained. The probate court alone had jurisdiction to allow or disallow claims.

Appellants insist that the chancery court did not have jurisdiction of the partition suit until time for filing claims against the estate had expired.

Everett Smith's demand (which is the only debt against the estate of which mention is made) was not allowed until a year after partition was decreed. If there were no debts against the estate, and no minors (and an averment that there were no debts and no minors may have been in the petition) the right of partition could not be questioned. Pope's Digest, § 1.

The legal title to an intestate's land, upon his death, descends to and vests in the heirs at law, subject to the widow's dower and the payment of debts by the administrator. Except against the widow's dower the administrator may, until all debts are paid, enforce his right to possession of the land by maintaining or defending an ejectment action. *Sulberhouse v. Shirey*, 42 Ark. 25; *Burton v. Gorman*, 125 Ark. 141, 188 S. W. 561. And in an action by an administrator for possession of lands claimed for the estate, he may have the right to possession determined in an action to which the heirs are not parties. *Chowning v Stanfield*, 49 Ark. 87, 4 S. W. 276.

While in the case at bar Everett Smith was executor of the will of Mrs. Kittrell, the estate being administered, insofar as the heirs are concerned, is that of LaFayette Pierce, who died intestate.

We think the chancery court had jurisdiction of the subject-matter—partition. In the absence of the petition it must be presumed, in support of the court's action, that facts were alleged which gave jurisdiction.

It was said in *Business Men's Accident Association of America v. Green*, 147 Ark. 199, 227 S. W. 388: "The

circuit court, in exercising its jurisdiction in adjudicating the rights of parties with respect to the recovery of debts, draws to it the power to determine whether the jurisdictional facts exist, and it constitutes no invasion of the jurisdiction of the probate court to permit the circuit court to ascertain whether the debts have been paid in order to determine whether or not the plaintiff in a given action has the right to sue."[3]

In the case at bar it is not necessary to decide whether chancery court has jurisdiction to partition real property before the time has expired for filing claims against an estate. The court had power to determine its jurisdiction, which may have been shown by the petition; and the petition is not before us.

Since the chancery court did not have jurisdiction to allow the claim of Everett Smith, (the fact of allowance having been alleged in the complaint) the demurrer as to this item should have been overruled. In all other respects the decree is affirmed.[4]

3 The case was decided when appeals from probate court were to the circuit court. Under Amendment No. 24 to the constitution, adopted in 1938, appeals from probate court are taken directly to the Supreme Court.

4 Woerner, in The American Law of Administration, vol. 3 (3d ed.) at page 1948, says: "It is held in states where probate courts have not jurisdiction in partition, and the proceedings are brought in courts of general jurisdiction, that while partition ought not to be ordered until it is ascertained that the personalty is insufficient to pay the debts, yet the action may be begun before that time; it is only necessary that the entering of the order or decree be postponed until it is determined whether any, and if so what part, of the land be required for payment of the debts."

In Pomeroy's Equity Jurisprudence (2d ed.) vol. 5, at pages 4799-4800, it is said: "In some jurisdictions, heirs to whom real estate has descended may, although the same is in the possession of the administrator and still liable to be taken for the debts of the ancestor, enforce a partition."

The statement in Ruling Case Law, vol. 20, p. 749, is: "Authorities of great weight hold that the fact that the estate is not settled and there is possibility that the administrator may require the land, or some part of it, for the payment of the claims against the estate, does not, in the absence of a statute to that effect, oblige the heirs to defer partition until after the administration is completed." Cases from Iowa, Kansas, Massachusetts, Missouri, and Ohio are cited.

We have found no case of our own decisive of the proposition, but in Graves v. Pinchback, Administrator, 47 Ark. 470, 1 S. W. 682, there is the following statement: "Although the evidence shows that the ancestor's debts have not been all paid and the affairs of the estate finally settled, and notwithstanding the administrator is the proper party to sue for a conversion of the intestate's effects, heirs cannot forever be kept out of their rights by the neglect of the administrator, or of creditors to enforce payment of their demands." [The case is not cited in support of the contention that during the period for filing claims chancery court had jurisdiction of partition.]