KEFFER v. STUART, ADMX.

Opinion delivered February 26, 1917.

1. REVIVOR—LAPSE OF ONE YEAR—CONSENT.—Where a party to an action dies, the cause can not be revived after the lapse of one year except by consent (Kirby's Digest, § 6314).

2. REVIVOR—ACTION ON NOTE—REVIVOR IN NAME OF EXECUTORS.— Where an action is brought on a promissory note executed to the plaintiff, upon the death of plaintiff, her right passes to her personal representatives, and a revivor must be in their names.

3. REVIVOR—PROCEEDINGS IN NAMES OF ADMINISTRATORS.—Where proceedings are had in an action on a note, after plaintiff's death, in the name of her personal representatives, the proceedings in court are tantamount to an order reviving the cause in the names of the executors.

4. REVIVOR—CONSENT—LIMITATIONS.—Where the plaintiff in an action in a promissory note dies, the revivor may be made in the names

of his representatives forthwith, whether the defendant consents or not; the defendant need not be consulted until after the expiration of a year from the time when the order of revivor might have been first made; and after the expiration of the year, if the defendant does not consent, the right of revivor is barred.

5. REVIVOR—FAILURE TO PASS ON MOTION—ACTS OF THE PARTIES.— The plaintiff, in an action on a promissory note, died, and her personal representatives, within a year, moved the court to revive the cause in their names. No order reviving the cause was entered, but all the parties proceeded as though such order had been made. *Held,* the cause would be treated as revived in the name of the administrators.

6. ADMINISTRATION—CLAIM ON NOTE—PRESENTATION TO ADMINISTRATOR.—In an action on a promissory note, when the plaintiff died during the pendency of the action, the evidence *held,* to show a substantial compliance with the statutes (Kirby's Digest, § § 113, 114), and that the claim in suit was duly authenticated and exhibited to the defendant.

7. ADMINISTRATION—EXHIBITION OF CLAIMS.—While the statute governing the exhibition of claims is mandatory, yet a substantial compliance with the statute in such cases is sufficient to meet the requirements of the law.

8. EVIDENCE—RECEIPT OF MAILED LETTER—PRESUMPTION.—Where a letter is properly mailed, it will be presumed that it was received by the addressee.

Appeal from Garland Circuit Court, *Scott Wood,* Judge; reversed.

*C. Floyd Huff* and *Buzbee, Pugh & Harrison,* for appellants.

*Heyn & Covington,* of New York, of counsel.

1. All the necessary steps necessary were taken under our statutes to place the claim in judgment were taken. The claim was duly authenticated and presented within one year. Act 438, Acts 1907; Kirby's Digest, §§ 113, 114. A substantial compliance is all that is necessary. 110 Ark. 222; 116 S. W. 189; 21 Ark. 519; 97 Ark. 296; 113 S. W. 1039; 124 Ark. 466.

2. The claim was proven and the proof of presentation to the administratrix within time was made. A letter properly mailed is presumed to reach its destination in due course of mail. 98 Ark. 388.

3. The motion to dismiss should be overruled. The cause was properly revived in apt time. Kirby's Digest, § 6314; 76 Ark. 122. Defendant was present in court and made no objections and the court and all parties treated the case as duly revived. 48 Ark. 30; 110 *Id.* 311. Defects in methods or even failure to present can be waived. 25 Ark. 221; 13 *Id.* 276; 29 *Id.* 239.

*Martin, Wootton & Martin* and *Carmichael, Brooks, Powers & Rector,* for appellee.

1. The appeal should be stricken from the docket. No order of revivor was made within the year. Kirby's Digest, §§ 6314-15; 48 Ark. 30; 69 *Id.* 215. No summons was issued. Kirby's Dig., § 6306. The statutes as to revivor are mandatory. 76 Ark. 122; 103 *Id.* 601. See also Kirby's Digest, §§ 6304, 6315; 105 Ark. 222; 39 Ark. 104; 85 *Id.* 144; 110 *Id.* 311; 1 Corp. Jur., §§ 440 and notes, 509; 20 Minn. 173.

2. The claim was not duly authenticated nor presented in time. Kirby's Digest, §§ 113, 114; 110 Ark. 222. The statutes are mandatory. 105 Ark. 95; 90 *Id.* 340; 97 *Id.* 296; Act 438, Acts 1907. The claim is barred.

WOOD, J. 1. This suit was instituted by Lizzie Z. Duke against Harriet R. Stuart, administratrix of the estate of Dan A. Stuart, to recover on a promissory note alleged to have been executed by Dan A. Stuart on December 4, 1905, for the sum of $11,000, with interest at six per cent. per annum, due December 4, 1906. Appellee denied the allegations of the complaint.

The suit was instituted December 12, 1910. Lizzie Z. Duke, the original plaintiff, died April 10, 1912. On March 29, 1913, the death of the plaintiff was suggested and an affidavit filed and motion was made to revive in the name of the executors of the plaintiff, and it was ordered by the court that the defendant show cause on or before the first day of the next term of the court why the cause should not be revived. At the next term of the court, on the 15th

of October, 1913, the executors of Lizzie Z. Duke filed a substituted complaint. On April 9, 1915, they filed an amendment to their complaint.

, On July 1, 1915, the defendant filed a motion to dismiss, in which she set up that the plaintiff died during the year 1912, and that the action had never been revived by order of the court, and that the right to revive same had lapsed. The court overruled the motion. The appellee did not appeal from the order overruling the motion, and the attorneys for the appellee renewed the motion in this court and asked that the appeal be dismissed and the cause stricken from the docket. This presents the first question for our consideration.

(1)    Section 6314 of Kirby's Digest provides that, "An order of revivor in the names of the representatives or successor of a plaintiff may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made," after the death of the plaintiff. It must be made within one year after that time, except by consent of the parties.

(2-3)    The order of the court of March 29, 1913, and the proceedings had thereafter in the names of the plaintiff's executors, were tantamount to an order reviving the cause in their names because it was not necessary for the court to require the defendant to show cause why the action should not be revived and to give the defendant time for that purpose. The cause of action was on a promissory note, executed to the original plaintiff, Lizzie Z. Duke, and when she died her right passed to her personal representatives and the revivor had to be in their names. Kirby's Dig., sec. 6309.

(4)    Under the statute, when a plaintiff dies, the revivor may be made in the names of his representatives forthwith whether the defendant consents to it or not. The statute does not require that the defendant be consulted until after the expiration of a year from the time when the order of revivor might have been first

made. After that time the order of revivor could not be had without the consent of the defendant. But where the defendant dies the cause of action cannot be revived against his personal representatives forthwith except by the consent of such representatives, and where they do not consent, the order of revivor against them must be made within one year from the time it could first have been obtained, or else the right of revivor is barred. See *Temple* v. *Culp*, 105 Ark. 222; *Peay* v. *Pulaski County*, 103 Ark. 601.

In ordering that the defendant show cause why the case should not be revived in the names of the representatives of the plaintiff the trial court misapprehended the statute applicable to such cases. But the effect of his order and the subsequent proceedings in the names of the executors of the plaintiff was to revive the cause in their names. The defendant was present by her attorneys of record, as shown by the order when the motion to revive was made and no notice was necessary to the defendant for a forthwith order of revivor made then, or, as we have stated, at any time within a year after the death of the plaintiff.

The statutes provide that at any term of the court succeeding the death of the plaintiff, whilst the action remains on the docket, the defendant having given to the plaintiff's proper representatives, in whose names the action might be revived, ten days notice of the application therefor, may have an order to strike the action from the docket unless the action is forthwith revived. Kirby's Digest, sec. 6316.

The defendant was present when the order of March 29, 1913, was made by the court. She was advised of the affidavit and motion of the executors to have the cause revived in their names, and that she was required to show cause why the same should not be revived in their names. She did not at that term ask that the cause be stricken from the docket unless the action was forthwith revived, but, on the contrary, she allowed the case to continue on the docket and to proceed in the names of the executors the same as if a

formal order of revivor had been made in their names, until July 1, 1915.

(5) It thus appears that the court and all parties proceeded after the motion was made to revive and the order of March 29, 1913, had been entered as if the case had been revived, until it was too late for plaintiff's executors to have the same revived in their names if it had not already been done. Under these circumstances, we must hold that these proceedings constituted a revivor, even if no formal and technical order to that effect was had. The failure of the court to enter any such formal and technical order of revivor is in no manner prejudicial to the rights of the appellee, for the executors, upon their motion, were clearly entitled to have such order made, and it was no concern of the defendant whether the suit progressed in the names of the executors or in the name of the original plaintiff, since it is apparent that she could not have been subjected, in the cause of action set up in the complaint, to double liability.

The motion to dismiss the appeal and strike the cause from the docket is therefore overruled.

II. Appellee contends that the judgment should be affirmed because no duly authenticated claim was ever presented to appellee, as the administratrix of Stuart, as the law required. The law provides that a claim founded on a note may be exhibited by delivering to the administrator a copy of such instrument, with the assignments and credits thereon, if any, exhibiting the original. Kirby's Dig., sec. 113. It further provides that the claimant shall append to his demand an affidavit of its justice, which may be made by himself, or an agent, attorney or other person. If made by the claimant, it shall state that nothing has been paid or delivered towards the satisfaction of the demand, except what is credited thereon, and that the sum demanded, naming it, is justly due. Kirby's Dig., sec. 114.

Appellee testified that some person representing herself to be Mrs. Duke came to her at the Belleclaire

Hotel in New York City sometime in the spring of 1910; that this lady exhibited to her a note which purported to have been signed by her deceased husband; that there was no affidavit or paper attached thereto, and that she saw no such affidavit or other paper. Her husband died November 15, 1909. She came to Hot Springs about the 1st of December, 1909, and lived there until about the 1st of May, 1910. Her residence was Dallas, Texas.

Witness Meyer testified on behalf of the appellant that he was the attorney for Mrs. Duke in her life time, and resided in New York City. On the 12th of December, 1910, he sent by registered mail, in the name of Harry W. Mack, to defendant an affidavit, which is as follows:

"State of New York, county of New York.

Lizzie Z. Duke, being duly sworn, says:

"1.   That the estate of Dan A. Stuart, deceased, is justly indebted to deponent in the sum of eleven thousand dollars ($11,000) with interest thereon at 6 per cent. per annum from the 4th day of December, 1905, on a promissory note in the amount of eleven thousand dollars ($11,000.00), which note was signed by the said Dan A. Stuart, now deceased, dated New York, December 4, 1905, payable December 4, 1906, to the order of Mrs. L. Z. Duke, at the Knickerbocker Trust Company, Fifth Avenue and Thirty-fourth street, New York City, and was for value received.

"2.   That the said sum of eleven thousand dollars ($11,000.00) with interest thereon at 6 per cent. per annum from the 4th day of December, 1905, is now justly due and owing to deponent, and that no payment has been made thereon, except that interest had been paid thereon up to December 4, 1908, and that there are no offsets against the same to the knowledge of deponent, and that the same is not secured by judgment or mortgage upon or expressly charged on the real estate of the said deceased, or any part thereof.

"(Signed) Lizzie Z. Duke.

"Sworn to before me this 12th day of December, 1910.

                                (Signed) Isaac Lande,
                        Notary Public, New York County."

Mack testified that Meyers used his name in registering the letter to Mrs. Stuart; that he received a registry receipt dated December 13, 1910, and signed "Mrs. D. A. Stuart." This receipt was introduced in evidence, and showed that Mrs. Stuart receipted for the article named on the 13th of December, 1910.

(6) The above testimony, which is undisputed, constitutes a substantial compliance with the statutes, *supra*, and shows that the claim in suit was duly authenticated and exhibited to the defendant.

(7) The testimony of Mrs. Duke shows that the original note had been exhibited to her, and the affidavit set out substantially what the note contained and gave to the administratrix all the information that she could have obtained by having a literal copy of the note furnished her, and it stated that the amount, with interest, except the interest that had been paid thereon, was justly due and owing to the defendant. While the statute for the exhibition of claims is mandatory, yet a substantial compliance with the statute in such cases is sufficient to meet the requirements of the law. See *Eddy* v. *Loyd*, 90 Ark. 340; *Wilkerson* v. *Eads*, 97 Ark. 296; *Hayden* v. *Hayden*, 105 Ark. 95; *Davenport* v. *Davenport*, 110 Ark. 222; *Little* v. *Ark. Trust & Banking Co.*, 124 Ark. 466.

(8) While Mrs. Stuart testifies in her examination in chief that the claim had not been presented to her with an affidavit attached, yet, in view of the above facts, this statement can only be taken as an expression of her opinion, for the undisputed testimony shows that the letter containing the affidavit was sent to her by registered mail in due course, and her testimony shows that the registry receipt for the letter containing the affidavit was signed by her. Even if there were no positive proof that she had received the affidavit, since the letter was properly mailed, the presumption would

be that she received it. *Southern Engine & Boiler Works*, v. *Vaughan*, 98 Ark. 388.

The statute requires that the presentation shall be within one year after the issuance of the letters. The letters of administration were issued to the appellee December 15, 1909. The letter containing the demand and affidavit of authentication of the claim was mailed December 12, 1910, and the registry receipt shows that the letter was actually received December 13, 1910. The undisputed evidence therefore shows that the claim was duly presented before the expiration of one year after the issuance of letters of administration, and the claim was not barred by the statute of non-claims.

III. The undisputed testimony shows that the note in suit was given in renewal of a note for $10,000, and accrued interest, which was loaned by Mrs. Duke to D. A. Stuart. Mrs. Duke issued her check for the money, which was deposited to the credit of D. A. Stuart in the Garfield National Bank of New York City.

The judgment in favor of the appellee is therefore reversed and the cause will be remanded for a new trial.