HEILIG *v.* HASKINS.

4-4189

Opinion delivered February 24, 1936.

*John A. Fogleman* and *R. V. Wheeler*, for appellant.
*E. C. Gathings*, for appellees.

McHANEY, J. This suit was instituted September 23, 1931, by J. A. Heilig and W. A. Brown, trustee, to foreclose a deed of trust given by appellees to secure their promissory note to said Heilig. Answer was filed admitting the execution of the note and deed of trust, pleading a partial payment and denying any indebtedness for taxes, recording fees and insurance. Certain other defenses were set up.

During the pendency of the action and on March 11, 1934, said J. A. Heilig died intestate. On March 18, 1935, this action was revived by order of the court in the name of J. Augustus Heilig, as administrator of the estate of J. A. Heilig, deceased. On August 14, 1935, appellees moved to dismiss, because no order of revivor had been made with or without consent, and within the period provided by law. The court sustained the motion, dismissed the cause, and this appeal followed.

In so doing the court erred. Section 1066, Crawford & Moses' Digest, reads as follows: "An order to revive an action in the names of the representatives or successor of a plaintiff may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made, except that, where the defendant shall also have died or his powers have ceased in the meantime, the order of revivor on both sides may be made in the period limited in the last section."

We have frequently held that the period of limitation for revivor runs from the first day the court in which the action is pending is in session after the death of the party who is plaintiff, and not from the date of death. *Anglin* v. *Cravens,* 76 Ark. 122, 88 S. W. 833; *Keffer* v. *Stuart,* 127 Ark. 498, 193 S. W. 83; *Ætna*

*Life Ins. Co.* v. *Taylor,* 128 Ark. 155, 193 S. W. 540; *Prager* v. *Wootton,* 182 Ark. 37, 30 S. W. (2d) 845. And this may be done, if within one year, without consulting the defendant, and without any notice. *Keffer* v. *Stuart, supra.*

The record in this case discloses that the October, 1933, term of the Crittenden Chancery Court convened on October 16, 1933. On that date court was adjourned to January 11, 1934, and on said latter date court was adjourned to court in course, or *sine die.* The regular March, 1934, term was convened on March 19, 1934, the time fixed by law, and this was the first day the court was in session after the death of J. A. Heilig, and the first day an order of revivor could have been made. As stated above the cause was revived by proper order on March 18, 1935, and was therefore within the period of limitation as fixed by law.

But appellees contend that there is no affirmative showing that court was not in session between March 11, 1934, the date of Mr. Heilig's death, and March 19, 1934. On the contrary, the record affirmatively shows that the court was adjourned on January 11, 1934, to court in course which was March 19, 1934. Therefore no session of court could have been held between said dates. Appellees also contend they were entitled to notice, and that none was given. This is answered against appellees in *Keffer* v. *Stuart, supra.*

The judgment is reversed, and the cause remanded with directions to overrule the motion to dismiss, and for further proceedings according to law.