HIGGERSON *v.* HIGGERSON.

4-8186                                    205 S. W. 2d 33

Opinion delivered October 27, 1947.

*W. A. Leach,* for appellant.

*Virgil R. Moncrief, Peyton D. Moncrief* and *John R. Moncrief,* for appellee.

ED. F. McFADDIN, Justice. We are prevented from deciding this appeal on its merits, because of the absence of compliance with our statutes on abatement and revival (§ 1252, *et seq.,* Pope's Digest).

In January, 1939, S. N. Higgerson was the owner of certain property in Stuttgart. Being well advanced in years, he made a contract with his son, C. R. Higgerson (appellee), to the effect that, if C. R. Higgerson would support S. N. Higgerson during his life, then on the death of the latter, the said son would own the property. C. R. Higgerson entered into possession of the property, and for a short time all parties seemed happy and satisfied. Then, in 1940, S. N. Higgerson left the property, and entered the Illinois Independent Order of Odd Fellows' Old Folks' Home in Coles county, Illinois, and was an inmate of that institution at the time of the trial of this cause in the court below on April 17, 1946.

On April 18, 1944, S. N. Higgerson filed the present suit in the Arkansas Chancery Court, alleging that C. R. Higgerson had failed and refused to perform the said contract of support, and prayed that S. N. Higgerson recover the property. The Independent Order of Odd Fellows (hereinafter called "Odd Fellows") intervened in the suit, claiming that S. N. Higgerson, some time after 1940, had executed to the Odd Fellows a warranty deed to the property involved in this suit, and praying that any recovery by S. N. Higgerson be declared to innure to the Odd Fellows. Against the complaint, and against the intervention, C. R. Higgerson filed separate answers, denying that he had breached the contract with S. N. Higgerson in any way, and alleging that C. R. Higgerson had all the time been ready, able and willing to perform said contract,

With issues thus joined the cause proceeded to trial, with S. N. Higgerson as plaintiff and C. R. Higgerson as defendant, and the Odd Fellows as intervener. Depositions were filed at various times; and there were several oral hearings. On April 17, 1946, there was the final hearing on oral evidence, at which time the chancery court took the case under submission. A decree was rendered on July 5, 1946, finding that C. R. Higgerson had not violated his contract. The decree concludes with this language: "That defendants do have of and recover from intervener all costs herein expended. To all of which findings, judgment and decree of the court the plaintiff excepts and prays and is granted an appeal to the Supreme Court of Arkansas."

On January 2, 1947, the transcript was filed in this court with this indorsement thereon, "The plaintiff herein, by his attorney, prays an appeal to the Arkansas Supreme Court." After the briefs were filed in this court on behalf of S. N. Higgerson as appellant and C. R. Higgerson as appellee, it was admitted in this court that S. N. Higgerson had departed this life in May, 1946. His death occurred, thus, prior to the rendition of the decree in the chancery court. Our statutes on abatement and revival of actions may be found in §§ 1252 to 1272, inclusive, Pope's Digest. Section 1258 says, in part: "Where one of the parties to an action dies . . . before the judgment, if the right of action survives in favor of or against his representatives . . . the action may be revived and proceed in their names."

Section 1259 says, in part: "The revivor shall be by an order of the court that the action be revived . . . ."

Section 1264 says: "Upon the death of the plaintiff in an action, it may be revived in the name of his representatives, to whom his right has passed. Where his right has passed to his personal representative, the revivor shall be in his name; where it has passed to his heirs, or his devisees, who could support the action if brought anew, the revivor may be in their names."

Since it is admitted that the suit brought by S. N. Higgerson has not been revived in any manner, it necessarily follows that there is no appellant before this court.

It might be said that the chancery court judgment against the Odd Fellows did not abate by reason of the death of S. N. Higgerson, and authority for that position might be found in 1 C. J. 159, in the following statement: "Where there are two or more parties plaintiff to a suit in equity, the death of one does not abate the suit where the cause of action survives to the others; but the suit abates as to the deceased plaintiff." But, even so, the Independent Order of Odd Fellows has not appealed to this court. We have copied heretofore, verbatim, the indorsement of appeal.

In short, there is no party appellant before this court, and under this state of the record, we direct the clerk to strike this case from our docket, and to issue immediate mandate to the chancery court so certifying.