WILSON *v.* HUGGINS.

5-1553                                   314 S. W. 2d 694

Opinion delivered April 28, 1958.

*Langston & Walker* and *Wayne Foster,* for appellant.

*Howell, Price* and *Worsham,* and *F. J. Howell, Jr.,* for appellee.

Minor W. Millwee, Associate Justice. The issue is whether a suit instituted by the husband of appellant against the husband of appellee in 1951 had abated in 1956 when appellant sought to intervene.

On July 28, 1951 W. P. Wilson filed suit *pro se* against F. H. Huggins to quiet his title to a residential lot in North Little Rock, Arkansas, and to restrain the defendant from interfering with his possession of the property. In his answer and cross-complaint filed August 10, 1951, Huggins asserted title to the property under a warranty deed from C. K. Lincoln and wife executed June 25, 1948, and charged that plaintiff had unlawfully occupied the lot as a trespasser since October, 1947.

F. H. Huggins died on April 6, 1954. No further action was taken in the suit until May 18, 1956 when appellant filed an intervention in which she alleged that her husband, W. P. Wilson, had conveyed the lot to her in November, 1951; and that appellee, Edna Marie Huggins, had succeeded to all the rights of her deceased husband, F. H. Huggins, under the deed from C. K. Lincoln and wife. After service of process on her as a cross-defendant in the suit, appellee filed an "Affidavit for Abatement of Action" stating that more than one year elapsed after the death of F. H. Huggins before the filing of the intervention; and that no person authorized by law had consented to a revival of the action which had abated and should, therefore, be dismissed. This appeal is from an order sustaining the prayer of the affidavit to dismiss the action as having abated and disallowing appellant's petition to intervene therein.

We do not agree with appellant's contention that the chancellor erred in dismissing the action and disallowing her petition to intervene. It is undisputed that F. H. Huggins, the only party defendant to the suit, died

more than two years prior to the time that appellant sought to intervene; and that there was no attempt to revive the cause against appellee, or any one else, within the time and manner prescribed by statute (Ark. Stats., Secs. 27-1001 to 27-1021). Two sections of the statute, which is a part of our Civil Code, are particularly pertinent here. Sec. 27-1016 provides: "An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representative or successor, unless in one (1) year from the time it could have been first made." Sec. 27-1018 reads: "When it appears to the court by affidavit that either party to an action has been dead, or, where he sues or is sued as a personal representative, that his powers have ceased for a period so long that the action cannot be revived in the names of his representatives or survivor (successor) without the consent of both parties, it shall order the action to be stricken from the docket." We have uniformly held the statute to be mandatory in its terms and that the revivor, to be effective, must be applied for within the time prescribed. *Anglin* v. *Cravens*, 76 Ark. 122, 88 S. W. 833; *Prager* v. *Wootton*, 182 Ark. 37, 30 S. W. 2d 845. After the death of F. H. Huggins on April 6, 1954, appellant could have revived the action against the appellee as successor in title to her deceased husband, the original defendant, within the one year period prescribed by Sec. 27-1016. *Woolfolk* v. *Davis*, 225 Ark. 722, 285 S. W. 2d 321. Having failed to do so, and the appellee having filed the affidavit prescribed by Sec. 27-1018, the trial court correctly dismissed the intervention and struck the action from the docket as having abated.

Affirmed.

## ON REHEARING

MINOR W. MILLWEE, Associate Justice. (On Rehearing). In the original opinion we failed to note and give effect to one salient fact which necessitates a reversal of our decision to affirm the trial court's action in dismissing appellant's alleged cause of action. According to the stipulation of the parties the deed of June 25,

1948, under which appellee, Mrs. F. H. Huggins, and her husband claimed title was a conveyance to them jointly as husband and wife. Thus she claims title as survivor of the original entirety estate and not as successor, devisee, heir or personal representative of her deceased husband. Tenants by the entirety take by the entirety and not by moieties. *Branch* v. *Polk,* 61 Ark. 388, 33 S. W. 424. Upon the death of F. H. Huggins in 1954 his estate expired forever and there was nothing to revive insofar as the respective claims of the present parties to the land are concerned.

Since neither the appellant, Eunice M. Wilson, nor the appellee, Edna Marie Huggins, was a party to the original suit between their respective husbands, the intervention filed by appellant on May 18, 1956, was in effect an original action on her part and should be so treated. While the original action had abated insofar as it pertained to F. H. Huggins, it had not abated as to the appellee; and the appellant is entitled to a trial of the issues presented in the intervention as though it were an original action.

The petition for rehearing is accordingly granted. The decree is reversed and the cause remanded with directions to proceed with a determination of the issues presented as an original action filed as of the date of the intervention.