**W. A. ROBISON, Administrator of the Estate of Bertha Jensen, also called Bertha D. Jensen, Appellant,**

v.

**Guy JONES, and Myrtle Jones, husband and wife, Appellees.**

No. 15990.

United States Court of Appeals Eighth Circuit.

Dec. 15, 1958.

O. E. Williams, Fayetteville, Ark. (Greenhaw & Greenhaw, Fayetteville, Ark., on the brief), for appellant.

W. B. Putman, Fayetteville, Ark. (Lee Seamster, Fayetteville, Ark., and Carl Stewart, Huntsville, Ark., on the brief), for appellees.

Before SANBORN, WOODROUGH and VOGEL, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a summary judgment for the defendants (appellees) in an action brought against them by the administrator of the estate of Bertha Jensen, deceased, on December 20, 1957, to recover $4,000 allegedly loaned by her to them during the summer of 1954. Jurisdiction is based on diversity of citizenship and amount in controversy.

After denying, in their answer, any indebtedness for money loaned them by Bertha Jensen, the defendants asserted that the plaintiff's claim or cause of action was barred by Arkansas law, since at the time of the death of Bertha Jensen on July 13, 1956, she had a suit pending against them on the same cause of action in a state court of Arkansas, which suit had not been revived in the name of the adminisrator of her estate within the time permitted by the applicable statutes of Arkansas.

The defendants moved for summary judgment on the ground that the plaintiff's claim was barred. There was no dispute as to the pertinent facts. Bertha Jensen on March 16, 1956, had sued the defendants on this same claim in the Circuit Court of Madison County, Arkansas. The defendants demurred to her complaint. She died in California July 13, 1956, leaving her case pending and undisposed of. W. A. Robison was appointed administrator of her estate on July 30, 1956, by the Probate Court of the City and County of San Francisco, California. On September 3, 1956, the Circuit Court of Madison County was in session, and the action brought by Bertha Jensen could then have been revived in the name of the administrator of her estate, but no action to revive it was taken. The defendants on September 18, 1956, apparently without knowledge of Bertha Jensen's death, filed their answer in the unrevived state court ac-

tion, denying the allegations of the complaint. On March 25, 1957, certain requests for admissions were filed in the name of "Bertha D. Jensen, Plaintiff." The defendants filed answers to the requests on April 2, 1957, and on August 27, 1957 filed an amendment to their answer to the complaint.

Robison, administrator of Bertha Jensen's estate, on November 7, 1957 filed a motion in the state court to revive the action in his name. The defendants on November 19, 1957, filed a response to the motion, and moved that the cause of action be abated on the ground that the motion to revive was filed more than a year after an order of revivor might have been made. The state court on January 7, 1958 entered a judgment denying the administrator's motion to revive the action and granting the defendants' motion to strike the case from its docket. No appeal was taken from this judgment, the administrator having in the meantime, as already stated, on December 20, 1957 commenced the instant action in the United States District Court.

The District Court ruled that the plaintiff, having failed to comply with Sec. 27–1017, Ark.Stats.1947, Annotated, relating to reviving an action when a plaintiff dies, the state court action and the cause of action or claim upon which it was based were barred.

Sec. 27–1017 provides:

"*Limitation on revivor against plaintiff's representative or successor—Exception.*—An order to revive an action in the names of the representatives or successor of a plaintiff may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one (1) year from the time the order might have been first made, except that, where the defendant shall also have died or his powers have ceased in the meantime, the order of revivor on both sides may be made in the period limited in the last section."

■ The District Court correctly ruled that if, under Arkansas law, the plaintiff's claim was unenforceable in the courts of that state, it was equally unenforceable in the United States District Court, which in diversity cases such as this applies state laws. Angel v. Bullington, 330 U.S. 183, 186, 67 S.Ct. 657, 91 L.Ed. 832; Meredith v. City of Winter Haven, 320 U.S. 228, 234, 64 S.Ct. 7, 88 L.Ed. 9; Erie Railroad Co. v. Tompkins, 304 U.S. 64, 74–80, 58 S.Ct. 817, 84 L.Ed. 1188.

In deciding that the plaintiff's claim was not enforceable and was barred in the courts of the State, the District Court relied largely upon Woolfolk v. Davis, 225 Ark. 722, 285 S.W.2d 321, and quoted the following language from that case (page 324 of 285 S.W.2d):

"The appellees herein are barred from claiming any interest in the property as heirs of Ham Davis. At the time of his death, Ham Davis had pending a suit against the appellants and appellees for the purpose of having his rights determined in the land here involved, and to have such rights enforced by the court. The appellants were in possession of the land and the suit of Ham Davis was to determine his interest in the property as against appellants. When Ham Davis died the suit abated, subject to the right of his heirs to have the action revived within one year from the next session of court after his death. They failed to have the cause revived within the time and manner provided by Ark.Stats.1947, Sections 27–1012 to 27–1017.

"The failure of the appellees to revive the action is a complete bar to any claim the appellees might have as heirs of Ham Davis in the property herein involved. See Anglin v. Cravens, 76 Ark. 122, 88 S.W. 833; Keffer v. Stuart, 127 Ark. 498, 193 S.W. 83. * * *"

There is another seemingly applicable statute of Arkansas, namely Sec. 37–

221, which is included in Title 37 of Arkansas Statutes 1947, Annotated, "Limitation of Actions," and which reads as follows:

"37–221. *Death of plaintiff—Time for commencing new action.—* When an action commenced within the time prescribed by law shall abate by reason of the death of the plaintiff, if the right of action survive to his representatives, his executor or administrator may, within one year after such death, commence a new action; and if any action so commenced by an executor or administrator abate by the death of the plaintiff, a new action may be commenced by the administrator of the same estate, at any time within one year after such abatement."

Apparently, under the provisions of this statute, the plaintiff had only one year after the death of Bertha Jensen to bring this action, or until July 13, 1957. So it would seem that his attempt to revive her action in the State court came too late, as did also his bringing of a new action on behalf of her estate in federal court.

In his brief the plaintiff says:

"It is inconceivable that there could be a different construction placed upon Sec. 37–221 to that placed upon Sec. 37–222 and similar statutes in other states. To hold, as the trial court has held in the case at bar, would penalize the estate of the dead by placing a burden on it that is not placed upon one who is nonsuited and lived. * * *

"The judgment of the Madison Circuit Court of January 7, 1958, merely struck the pending action between Bertha D. Jensen and the defendants from the docket, as provided by Ark.Stats. * * *, but did not and could not have passed on the merits of the cause of action. The *Action* in the Madison Circuit Court abated at the death of the plaintiff and as the time passed for reviving the *Action* in said court, without the consent of the defend-

ants, which they refused to give, the pending action was subject to being stricken from the docket, which was done. However, the *cause of action* not being barred by the general statute of limitations, survived and action was brought herein upon said *cause of action* within the period of limitation."

Section 37–222, Ark.Stats.1947, Ann., so far as pertinent here, reads:

"37–222. *Non-suit—Arrest or reversal of judgment—Time for commencing new action—Time for filing mandate when cause remanded for new trial.—*If any action shall be commenced within the time respectively prescribed in this act, and the plaintiff therein suffer a nonsuit, * * * such plaintiff may commence a new action within one year after such nonsuit suffered * * *."

■ From a logical standpoint, there would seem to be no reason why the administrator of the estate of Bertha Jensen should not, after her death, have had as much time to bring a new action upon her claim or right of action against the defendants as she would have had if she had lived and suffered a nonsuit. This Court, however, as we have often said, is not the Supreme Court of Arkansas, and establishes no rules of law for that State. See Homolla v. Gluck, 8 Cir., 248 F.2d 731, 733–734, and cases cited; Pendergrass v. New York Life Ins. Co., 8 Cir., 181 F.2d 136, 141. The question whether this action is barred by the plaintiff's failure to apply for a timely revival of the State court action or by his failure to commence a new action within a year from the death of Bertha Jensen is purely a question of Arkansas law. See Ormsby v. Chase, 290 U.S. 387, 54 S.Ct. 211, 78 L.Ed. 378; Luster v. Martin, 7 Cir., 58 F.2d 537, 539. That law is what the Supreme Court of Arkansas says it is.

The general law respecting the subject of the abatement and revival of actions when a plaintiff or defendant has died is thoroughly confusing, with many

588

complications. See Sperbeck v. A. L. Burbank & Co., Inc., 2 Cir., 190 F.2d 449, 450–451, and Sullivan v. Associated Billposters and Distributors, 2 Cir., 6 F.2d 1000, 1003, 42 A.L.R. 503, 508–509.

As is stated in 1 C.J.S. Abatement and Revival § 114, p. 165:

"On the death of a person for or against whom a cause of action has accrued, the cause of action, together with an action thereon, if one is pending, may survive; the pending action may abate and the cause of action survive; or both the cause of action and the action itself may abate. The determination of whether either or both the cause of action and the action itself abates or survives on the death of a person for or against whom the cause of action has accrued depends on whether common-law, equitable, or statutory rules are applicable; * * *."

The District Court, we think, reached a permissible conclusion in deciding that, under the applicable statutory law of Arkansas as construed by its Supreme Court, the plaintiff's state court action had abated and that her claim or cause of action was barred.

The contention of the plaintiff that if it be held that the failure to revive an action within the time provided by Section 27–1017, Ark.Stats.1947, bars her claim the section is unconstitutional, is not convincing. So far as we are aware, there is no constitutional inhibition against a state's establishing its own statutory rules, whether just or unjust, relative to the abatement and revival of actions such as that here involved. The allowance of one year after an order of revivor might have been made, within which to revive a pending action, can hardly be said to be so unreasonable as to amount to a denial of constitutional right.

The judgment appealed from is affirmed.

WOODROUGH, Circuit Judge (concurring).

I concur in the decision of this case solely on the ground that a permissible declaration and application of Arkansas law was made by the District Court in view of the cited Arkansas decisions thus far handed down.