SHORT *v.* STEPHENSON

5-3189                                                      388 S. W. 2d 912

Opinion Delivered April 12, 1965.

[Rehearing denied April 12, 1965.]

*Carneal Warfield,* for appellant.

*W. K. Grubbs* and *Ohmer C. Burnside,* for appellee.

PER CURIAM

Subsequent to the opinion rendered by this court in the above styled case, Mrs. Elizabeth Peterson, the present administratirx of the estate of Dr. A. G. Anderson,

filed, on February 24, 1965, a motion to dismiss the appeal, alleging that the original executor of the estate, R. T. Stephenson, had died on June 8, 1963; that the cause of action had abated and there had been no revival as provided by Ark. Stat. Ann. § § 27-1003 — 16, (Repl. 1962).

Dr. Anderson died on the 15th day of June, 1960. R. T. Stephenson was appointed executor of the estate. Mr. Stephenson filed for probate a purported will of Dr. Anderson in which Mr. Stephenson was named the principal beneficiary. Mrs. Helen Short, a niece and only heir at law of Dr. Anderson, filed a pleading in which she contested the validity of the will. Mr. Stephenson, as executor, filed a response denying that the will was invalid. The Probate Court rendered a judgment on March 8, 1963, holding in favor of the validity of the will. On June 8, 1963, Mr. Stephenson, the executor, died. On June 27, 1963, his daughter, Elizabeth Peterson, applied for and was granted letters of administration in the Anderson estate. Mrs. Peterson's application for appointment as administratrix, her bond as such, and her letters of administration were filed in the case at bar.

On October 16, 1963, the record on appeal was lodged in this court. The record is very large. Appellant's brief was not filed until May, 1964; appellee's brief was not filed until October 22, 1964; the reply brief was filed on December 15, 1964, and the case was submitted on January 11, 1965. The decision was handed down on February 8, 1965.

After appellant, Mrs. Helen Short, filed her brief on appeal in this case, the brief in response thereto was filed signed W. K. Grubbs, Sr., attorney for appellee. Mr. Grubbs had represented Mr. Stephenson from the beginning of the case until Mr. Stephenson died. Evidence in the record indicates that Mr. Grubbs represented Mrs. Peterson in getting her appointed administratrix of the Anderson estate; that he also represented her in filing her letters of administration in the case at bar, and represented her when he filed a brief in this court for ''appellee''.

Appellee's brief on the merits consisted of 465 pages in two volumes. All through the brief language is used showing there was a living appellee, language such as "there are, as in most cases, certain abstracts of evidence made by appellant with which *appellee* does not agree", and "*appellee* feels that there are certain portions of appellant's brief that are inconsistent with the record". (Emphasis ours.) Mr. Stephenson had been dead for about a year and a half when appellee's brief was filed in this court; therefore, of course, the reference to appellee could not have applied to him. Helen Short, the appellant, is the only heir at law of Dr. Anderson, so surely the reference was not to her. The administratrix at the time of the printing and filing of appellee's brief was Mrs. Peterson. In referring to appellee in the brief, the reference must have been to her.

Without deciding whether a motion to revive is necessary in a case of this kind, and without deciding just when the year expired in which a motion to revive could have been filed, it is clear that under no view of the law could the year have extended beyond October 27, 1964. Mrs. Peterson sat quietly by for nearly two months after that time and allowed the case to be submitted to this court for decision, taking her chances on a victory here, and then filed a motion to dismiss only when she lost the decision.

As heretofore pointed out, there is a big record in this case. This court was sharply divided as to how the case should be decided, as shown by the 4 to 3 decision. There was no suggestion of abatement until the last day for the filing of the petition for rehearing in this case. The petition for rehearing and the motion to dismiss were filed on the same day.

There is nothing to indicate that when Mr. Grubbs filed the brief for appellee in this case, and filed the petition for rehearing, he was not representing Mrs. Peterson the same as when he filed the motion to dismiss. Undoubtedly, Mrs. Peterson has been actively participating in this case from the time she was appointed administratrix.

In all the circumstances we feel that Mrs. Peterson, personally and as executor of the Anderson estate, waived

the question of abatement by not raising it when the case was first considered by this court. The court said in *Gillis* v. *Jurzyna*, 1 NE 2d 763: "The filing of the brief is held to be equivalent to a joinder in error, and by joinder in error, the right to move to dismiss the writ is waived."

The motion to dismiss is denied.