Ann WOOLEY, Individually and as Administratrix of the Estate of
Ray Wooley, Deceased  *v.*  PLANTER'S COTTON OIL MILL,
INC., Continental Eagle Corporation, and
Cotton Handlers Manufacturing, Inc.

CA 04-955                                                                 209 S.W.3d 409

Court of Appeals of Arkansas
Opinion delivered June 1, 2005

[Rehearing denied August 24, 2005.]

*Gary Eubanks & Associates*, by: *Russell D. Marlin*, for appellant.

*Wright, Lindsey & Jennings L.L.P.*, by: *John G. Lile* and *Justin T. Allen*, for appellee Continental Eagle Corporation.

KAREN R. BAKER, Judge. Appellant Ann Wooley appeals the order of the Jefferson County Circuit Court dismissing her wrongful-death and survival action against appellee Continental Eagle Corporation as not having been properly revived within one year as provided by Ark. Code Ann. §§ 16-62-108 and 109 (1987). She also brings up for review the summary judgments in favor of appellees Planters Cotton Oil Mill, Inc. ("Planters"), and Cotton Handlers Manufacturing, Inc. ("Cotton Handlers"). We find no error and affirm.

The facts are not in dispute. In August 1999, the decedent, Raymond Wooley, was on the premises of Planters as an independent contractor to perform electrical work on Planters's machinery. In order to work on the machinery, decedent placed his ladder next to the machine and climbed to the top of the machine. Decedent fell approximately twenty-five feet and sustained severe head injuries. On January 16, 2003, he died as a result of these injuries. Wooley, in her capacity as the decedent's wife and next friend, originally filed suit against Planters for decedent's personal injuries prior to his death. The complaint was subsequently

amended to include allegations of negligence against Cotton Handlers, a contractor performing work at the site at the time of the decedent's accident, and allegations of negligent design, strict liability, and breach of warranty against Continental, the manufacturer of the machine decedent was attempting to repair.

After the trial court granted the motions for summary judgment filed by Planters and Cotton Handlers in separate orders entered on September 4, 2002, the case continued against Continental. Decedent died on January 16, 2003. On August 14, 2003, Wooley amended her complaint to state that she had been appointed administratrix of the decedent's estate and to assert an additional cause of action for the decedent's wrongful death. Continental generally denied the allegations and asserted the affirmative defenses of lack of jurisdiction (both personal and subject-matter), insufficiency of process and service of process, and improper venue.

On March 24, 2004, Continental filed a "Motion to Strike and to Dismiss," alleging that the action abated upon the decedent's death and that Wooley failed to revive the action within one year as required by Ark. Code Ann. §§ 16-62-108 and 109 (1987). As an exhibit to the motion, Continental attached the affidavit of Earnest Edwards, its vice president of engineering, stating that decedent died on January 16, 2003, and that Continental had not been served with an order reviving the action. On April 8, 2004, Wooley filed a "Motion for Revivor," asserting that Continental had impliedly consented, or waived any objection, to the revivor by continuing to defend the action without objection and by failing to raise the issue in its answer to the amendment to the complaint following decedent's death. Continental filed a "Response and Objection to Plaintiff's Motion for Revivor."

The trial court entered an order finding that Wooley failed to revive the action within one year of the decedent's death, that Continental did not consent to the revival of the action, and that all claims arising out of the decedent's accident should be dismissed with prejudice. Wooley filed a motion seeking reconsideration of the dismissal based on Continental's implicitly consenting, or being estopped from objecting, to the revivor. The trial court denied the motion. This appeal followed.

Wooley raises three points on appeal: that the trial court erred in granting summary judgment to Planters; that the trial court erred in granting summary judgment to Cotton Handlers;

and that the trial court erred in granting Continental's motion to strike and dismiss while denying her motion for revivor. We find the third point dispositive and do not discuss Wooley's first and second points.

In her third point, Wooley argues that the trial court erred in granting Continental's motion to strike and dismiss while denying her motion for revivor because she substantially complied with the purposes behind the revivor statute and because Continental implicitly acquiesced in the revivor.

There are three code sections relevant to this point, Ark. Code Ann. §§ 16-62-105, 16-62-108, and 16-62-109 (1987). Section 16-62-105 provides, in pertinent part:

> (a) Where one (1) of the parties to an action dies, or his powers as a personal representative cease before the judgment, if the right of action survives in favor of or against his representative or successor, the action may be revived and proceed in their names.

> (b) The revivor shall be by an order of the court that the action be revived in the names of the representatives or successor of the party who died, or whose powers ceased, and proceed in favor of or against them.

> (c) The order may be made on the motion of the adverse party, or of the representatives or successor of the party who died or whose powers ceased, suggesting his death or the cessation of his powers, which with the names and capacities of his representative or successor, shall be stated in the order.

> (d)(1) If the order is made by the consent of the parties, the action shall forthwith stand revived.

> (2) If not made by consent, the order shall be served in the same manner as a summons upon the party adverse to the one making the motion. At the first term commencing not less than ten (10) days after such service, the party on whom it is made may show cause against the revivor. If sufficient cause is not then shown, the cause shall stand revived.

Section 16-62-108 provides, in pertinent part:

> An order to revive an action in the names of the representatives or successor of a plaintiff may be made forthwith. However, an order

to so revive the action shall not be made without the consent of the defendant after the expiration of one (1) year from the time when the order might first have been made. . . .

Section 16-62-109 provides:

> When it appears to the court by affidavit that either party to an action has been dead . . . for a period so long that the action cannot be revived in the names of his representatives or successor without the consent of both parties, it shall order the action to be stricken from the docket.

■ The supreme court has uniformly held that the statutes are mandatory in their terms and the revivor, to be effective, must be applied for within the time prescribed by statute. *Wilson v. Huggins*, 228 Ark. 1115, 314 S.W.2d 694 (1958); *Prager v. Wootton*, 182 Ark. 37, 30 S.W.2d 845 (1930); *Anglin v. Cravens*, 76 Ark. 122, 88 S.W. 833 (1905). The supreme court has also construed our statutes so that, when a plaintiff dies, the revivor may be made in the name of his representatives forthwith whether the defendant consents to it or not. *Heilig v. Haskins*, 192 Ark. 311, 90 S.W.2d 986 (1936); *Keffer v. Stuart*, 127 Ark. 498, 193 S.W. 83 (1917). The court further said that the statute does not require that the defendant be consulted until after the expiration of one year from the time when the order of the revivor might have been first made but that, after that time, the order of revivor could not be made without the consent of the defendant. *Keffer, supra.*

The amendment of the complaint to allege Wooley's appointment as administratrix of the decedent's estate and the assertion of a cause of action for wrongful death could be construed as a suggestion of death as contemplated by Ark. Code Ann. § 16-62-105(c). However, Wooley did not request an order of revivor in her amended complaint. Further, section 16-62-105(b) provides that the "revivor *shall* be by an order of the court that the action be revived in the names of the representatives . . . of the party who died . . . and proceed in favor of or against them." (Emphasis added.) *See also Higgerson v. Higgerson*, 212 Ark. 123, 205 S.W.2d 33 (1947). When interpreting statutory language, for example, our courts have found that the word "shall" in the statute indicates mandatory compliance with the statute's terms unless compliance would result in an absurdity. *See, e.g., Ramirez v. White County Circuit Court*, 343 Ark. 372, 38 S.W.3d 298 (2001). There-

fore, Wooley's efforts were insufficient to revive the action because no order of revivor was ever entered. Furthermore, the burden to have the action properly revived is on the party seeking the relief from the court. *McDonald v. Petty*, 254 Ark. 705, 496 S.W.2d 365 (1973).

■ Wooley argues that Continental has waived its right to object to the revivor by continuing to participate in discovery and other actions. *See Speer v. Speer*, 298 Ark. 294, 766 S.W.2d 927 (1989); *McDonald, supra; Short v. Stephenson*, 239 Ark. 287, 388 S.W.2d 912 (1965). However, given the supreme court's holding that Continental need not have been consulted until one year after the decedent's death, *Keffer, supra*, and that Continental raised objections to jurisdiction in its answer, we do not believe that Continental has waived its right to object. Further, Wooley did not specifically seek revivor in the amendment to her complaint filed in August 2003.

■ Wooley argues that, even if this court holds that Continental had not waived its right to object to the revivor, her wrongful-death action would not be affected. However, our supreme court has recently held that a wrongful-death action is derivative in nature from the original tort and, where the underlying tort action is no longer preserved, the wrongful-death action is barred as well. *Brown v. Pine Bluff Nursing Home*, 359 Ark. 471, 199 S.W.3d 45 (2004); *Estate of Hull v. Union Pac. R.R.*, 355 Ark. 547, 141 S.W.3d 356 (2004); *see also Simmons First Nat'l Bank v. Abbott*, 288 Ark. 304, 705 S.W.2d 3 (1986). The only distinction between the facts in *Brown* and the present case are that, in *Brown*, suit was filed and then nonsuited before the second suit was filed and later dismissed for improper service prior to the wrongful-death action being asserted and that the decedent was declared dead by the probate court.

On appeal in *Brown*, the Arkansas Supreme Court ruled that it "must affirm the trial court's decision because Brown's wrongful-death claim was derivative of her negligence action, and the negligence action was subject to dismissal with prejudice." *Brown*, 359 Ark. at 474, 199 S.W.3d at 47. As a result, the court said that, because the dismissal with prejudice bars Brown from bringing another negligence suit, she could not file a separate wrongful-death suit since it would be derivative of the right to bring a negligence action. In so ruling, the court noted "for

clarity's sake" that its decision does not mean that Brown's wrongful-death action was barred by the statute of limitations. To the contrary, the court stated:

> [H]ad there not been a dismissal with prejudice of the underlying negligence action, and had Brown simply waited to file the wrongful-death complaint after obtaining the declaration of death from the Probate Court, her action would have been timely, as a wrongful-death action does not arise until the date of the death.

Brown, 359 Ark. at 476, 199 S.W.3d at 49, n. 2.

Wooley argues that Justice Hannah's concurrence in *Brown* suggesting that it was time to reexamine the case law holding that a wrongful-death action is derivative of the decedent's action for the injuries causing death should be followed. However, we are obliged to follow the majority opinion in *Brown* as it is the current statement of the law. *See, e.g., ALCOA v. Carlisle,* 67 Ark. App. 61, 992 S.W.2d 172 (1999); *Davis v. State,* 60 Ark. App. 179, 962 S.W.2d 815 (1998).

As to Planters or Cotton Handlers, after entry of summary judgment in their favor, Wooley admitted that she did not attempt to serve either the amended complaint or the revivor motion on those parties. Therefore, the action abated as to those parties and there is no summary judgment for this court to review. *See Higgerson, supra.*

Affirmed.

PITTMAN, C.J., and CRABTREE, J., agree.