DAVID M. GLOVER, Judge
Curtis Motley, Jr., appeals from the trial court's dismissal with prejudice of his complaint against Dr. Michael Sifford, alleging medical malpractice in the death of his mother, Laura Motley. We find no error and affirm.
The essential facts of this case are undisputed. Laura Motley died on September 17, 2012. On August 29, 2014, Curtis Motley, Sr., her husband and special administrator of her estate, filed suit against Dr. Sifford within the two-year statute of limitations; however, Curtis, Sr., died on November 29, 2014, before Dr. Sifford was served with the complaint on December 14, 2014. Although an amended complaint was filed on February 5, 2015, it merely changed the name of the plaintiff in the case from Curtis, Sr., to Curtis, Jr., as special administrator of Laura's estate. No order of substitution or revivor was entered in the case. Dr. Sifford moved to strike the amended complaint and to dismiss it for failure to revive the action, which also rendered service of the complaint defective. Curtis, Jr., then moved to substitute himself as the plaintiff in the action. Following a hearing, the trial court entered its July 8, 2015 order dismissing the complaint without prejudice, but it did not order the substitution of Curtis, Jr. No appeal was taken.
On January 13, 2016, Curtis, Jr., refiled the action as special administrator of his mother's estate. Dr. Sifford was served on September 2, 2016, and again moved to dismiss, contending the action had not been properly revived, it was barred by the statute of limitations, and service was defective. Following a hearing, the trial court entered its April 28, 2017 order, dismissing the complaint with prejudice. This appeal followed.
*472 For his sole point of appeal, Curtis, Jr., contends the trial court erred in granting Dr. Sifford's motion to dismiss the amended complaint with prejudice. We disagree.
To put the current case in context, in dismissing the original complaint without prejudice, the trial court explained in its July 2, 2015 letter opinion:
The facts impacting these motions are straightforward. Separate Defendant maintains that the Special Administrator, Curtis Motley, died after filing the Complaint (on August 29, 2014) but before achieving service on Separate Defendant (on December 15, 2014). Separate Defendant argues as follows: (a) the lawsuit abated when Curtis Motley died, necessitating a revivor which has yet to occur; (b) service occurring after the death of Curtis Motley is void which warrants dismissal; and (c) all pleadings filed after the death of Curtis Motley should be stricken. Separate Defendant contends that the dismissal should be with prejudice. Plaintiff opposes such and argues that dismissal is not warranted.
The trial court concluded that the death of Curtis, Sr., rendered service of the lawsuit defective but did not deprive the plaintiff of the savings statute; the trial court specifically found "that the service in this case was timely completed, but was ultimately defective due to the death of the special administrator." In accordance with that reasoning, the court granted Dr. Sifford's motion to dismiss but did so without prejudice. As acknowledged by Curtis, Jr., however, neither the letter opinion nor the order dismissing without prejudice specifically says anything about substituting Curtis, Jr., as special administrator for Curtis, Sr.
Coming forward, the April 28, 2017 order of dismissal clearly sets forth the trial court's rationale for dismissing the case with prejudice:
1. The original suit filed by Curtis Motley, as Special Administrator of the Estate of Laura Motley, deceased, Craighead County Circuit Court, No. CV-14-433, was never properly revived following the death of Curtis Motley, Sr.
2. The applicable statute of limitations for this medical malpractice claim is two (2) years, according to Ark. Code Ann. § 16-114-203. This lawsuit was filed by Curtis Motley, Jr. more than two (2) years following the death of Laura Motley; therefore, the action is barred by the statute of limitations.
3. The savings statute set forth in Ark. Code Ann. § 16-56-126 does not apply to the case at bar and will not toll the limitations period.
4. Plaintiff's attempt to obtain service was defective because it was attempted during the time when the case had not been properly revived.
5. For all these reasons and the reasons set forth in the Court's letter opinion dated April 13, 2017, which is hereby incorporated by reference, the instant lawsuit filed by Curtis Motley, Jr. against Dr. Michael Sifford is dismissed with prejudice.
Curtis, Jr., contends that the trial court erred in dismissing the current case with prejudice in its April 28, 2017 order because the case had been properly revived. That is, although Curtis, Jr., acknowledges that the order dismissing the original complaint without prejudice did not contain the words revivor or substitution, he nevertheless argues that in not striking the complaint, "the request for substitution was granted." We cannot agree.
*473 The opening paragraph of the order of dismissal without prejudice provides:
On the 22nd day of June 2015, this matter came on to be heard on the Motion to Dismiss and Motion to Strike filed by separate defendant, Michael Sifford, M.D. ....
(Emphasis added.) While the order specifically mentions Dr. Sifford's motions to dismiss and to strike, it says nothing about the motion to substitute filed by Curtis, Jr., and no appeal was taken from that order. As noted by Dr. Sifford, our supreme court has held that it will not presume a ruling when a trial court's order is silent on an issue, TEMCO Constr., LLC v. Gann , 2013 Ark. 202, 427 S.W.3d 651, and the mere filing of an amended complaint changing the name of the plaintiff does not suffice to substitute a party. Wooley v. Planter's Cotton Oil Mill, Inc. , 91 Ark. App. 213, 209 S.W.3d 409 (2005). Finally, to the extent Curtis, Jr., may be inviting us to review the order of dismissal without prejudice for error, we merely note that we are without jurisdiction to do so.
In short, the arguments from both sides in this appeal acknowledge that unless there is consent from the defendant, an order of revivor must be entered within one year from the date of death of the decedent plaintiff, which in this case was Curtis, Sr., who died on November 29, 2014, making the one-year period for revival expire on November 29, 2015.[1] Thus, all of the bases upon which the trial court dismissed this case with prejudice hinge on whether we can accept the position of Curtis, Jr., that the July 8, 2015 order of dismissal without prejudice effectively included an order substituting him as a party. We are not able to do so. In the absence of an order substituting him as the appropriate party, we find no error in the trial court's conclusion that the original suit was never properly revived, that the statute of limitations had expired, and that the savings statute did not apply under these circumstances to toll the limitations period.
Affirmed.
Abramson and Murphy, JJ., agree.

As our supreme court explained in Ausman ex rel. Estate of Ausman v. Hiram Shaddox Geriatric Ctr. , 2013 Ark. 66 at 9, 426 S.W.3d 379, 385 :
Arkansas law provides that every action is to be prosecuted in the name of the real party in interest. Ark. R. Civ. P. 17(a) (2012). A real party in interest is considered to be the person or corporation who can discharge the claim on which the allegation is based, not necessarily the person ultimately entitled to the benefit of any recovery. We [have] explained ... that the person appointed as the special administrator was the only person who had a right to discharge a claim. Thus, in this case, Mrs. Ausman was the real party in interest and her death abated the action, necessitating its revivor. The procedure for such revivor is set forth in Rule 25, but, as we have explained and as set forth in subsection (e) of Rule 25, the limitations provision of section 16-62-108 remains applicable. Accordingly, the Estate's failure to move for substitution within one year from the time of Mrs. Ausman's death prevents the revivor of the action, and the circuit court properly granted the motion to strike, thereby dismissing the action with prejudice.